JENNIE M. DORNTEE & another *vs.* JOHN LYONS & another.

Middlesex.    March 23, 1916. — May 19, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Way,* Private: by prescription.    *Easement,* By prescription.

The acquisition of a right of way over a passageway by its continuous use during a period of more than twenty years is not impaired by a temporary obstruction of the way in the course of that period by means of barrels and planks placed there by a stranger without authority from or ratification by the owner of the land over which the right of way is acquired.

PETITION, filed in the Land Court on August 24, 1914, for the registration of a parcel of land with the buildings thereon on Massachusetts Avenue in the town of Arlington.

In the Land Court the respondent Lyons claimed a trial by jury, and the judge of the Land Court framed the following issue to be tried before a jury in the Superior Court:

"Is there any easement over the passageway parcel of land claimed by the petitioners appurtenant to the land of the respondent, Lyons, which has been acquired by prescription, and, if so, what?"

In the Superior Court the case was tried before *Bell,* J. The evidence is described in the opinion. In submitting the issue to the jury the judge, in referring to the necessity of an interruption to prevent the acquiring of a prescriptive right, said: "It (the use) must be uninterrupted, I must tell you that means uninterrupted by the owner of the property; the owner of this property until within a very short time before this petition was brought was Mrs. Pitts. I think it was the estate of Mrs. Pitts, and Mrs. Pitts was the person against whom this right of way was being acquired, if it was being acquired by anybody, and it was for her

to either interrupt or leave it alone as she chose. The fact that some other person who has land adjacent put barrels there or any other obstruction does not avail Mrs. Pitts, unless it was done by her orders or she ratified what was done. She was the person against whom the right was being acquired and the interference of some other party, although meaning well, does not help Mrs. Pitts to prevent the right being acquired against her, unless she in some way accepts the acts of other people. Therefore, you are not to consider interruptions if there were any in that line."

Upon the issue submitted to them the jury answered "Yes;" and the petitioners alleged exceptions to the portion of the judge's charge quoted above.

A copy of the plan referred to in the opinion is printed on page 258. The title of this plan as printed upon it was as follows: "Plan of Valuable House Lots for Sale in Arlington, Mass. Belonging to Mrs. Harriet A. Pitts. Being the second parcel set off from the estate of George Peirce. April 27, 1886. W. A. Mason & Son. Surveyors, Cambridgeport."

The case was submitted on briefs.

*H. A. Wilson, F. Juggins & T. F. Murphy,* for the petitioners.

*A. F. Crowley,* for the respondent Lyons.

DE COURCY, J. A large tract of land in Arlington was partitioned in 1883 into three parcels, Louisa Cook taking one and Harriet A. Pitts the second, which was adjoining and north of the first. These two owners agreed to contribute sufficient land to provide for a forty foot street along the division line between their respective parcels; but later Louisa Cook repudiated her agreement and erected a fence on the division line. This fence was torn down in 1907 by the respondent Lyons, who at that time had purchased all the parcel originally owned by Louisa Cook.

The Harriet A. Pitts parcel was divided into lots in 1886, and a plan of the same was recorded. The proposed street appears on this plan, the centre line thereof indicating the southerly boundary of her land; and the twenty foot strip of her land adjoining this boundary is the passageway involved in this controversy.

The lot of the petitioners (being lot 1 on said plan) was conveyed by Harriet A. Pitts to a predecessor in title of the petitioners in 1886. In the deed it was described as "Beginning at a point on the southwesterly side of Massachusetts Avenue, formerly Arlington

Avenue, at the corner of a twenty-foot passageway, now called Belknap Place, and from thence running northwesterly by said line of Massachusetts Avenue fifty-eight feet to lot two (2) on said plan; thence turning and running southwesterly by said lot two (2) one hundred and fifty feet to lot thirteen (13) on said plan;

thence turning and running southeasterly by said lot thirteen (13) fifty-eight feet to said twenty-foot passageway; thence turning and running northeasterly by said twenty-foot passageway one hundred and fifty feet to said Massachusetts Avenue and point of beginning."

Lot 13 on the plan adjoins the lot of the petitioners on the west. Its southerly line is one hundred twenty feet long and abuts on said passageway. Its westerly line is fifty-eight feet in length, and abuts on a forty foot street, indicated as Belknap Street, although Belknap Street was first laid out and graded about 1896.

On May 4, 1893, Harriet A. Pitts conveyed this Lot 13 to Caroline A. Stearns, "together with the right to use said twenty-foot passageway from Arlington Avenue to the southwesterly line of said forty-foot street extended to land of Louisa Cook and said forty-foot street through its entire length for passing and repassing and all the purposes for which public streets are or hereafter may be commonly used." The forty foot street referred to doubtless is Belknap Street. The title and interest of Mrs. Pitts in so much of the passageway as lies west of the westerly line of Belknap Street extended southerly, apparently was conveyed by her to Edward L. Smith on July 1, 1893; but the record is obscure and confusing in this and some other particulars.

The petitioners applied to the Land Court for registration of their lot (No. 1) and of the said passageway from Massachusetts Avenue to Belknap Street. A jury claim having been filed by the respondent, the judge of that court framed this issue, which was submitted to a jury in the Superior Court: "Is there any easement over the passageway parcel of land claimed by the petitioners appurtenant to the land of the respondent, Lyons, which has been acquired by prescription, and if so, what?" The answer of the jury was "Yes."

At the trial of this issue in the Superior Court, there was evidence offered by the respondent that he had used the said passageway continuously for a period of at least twenty-one years as a means of travel to and from certain coal yards which were on the northerly side of the railroad track shown on the plan, and for other purposes. His route was from Linwood Street through Belknap Street to the passageway in question, then through said passageway to Massachusetts Avenue. On behalf of the petitioners there was evidence that Stearns, the owner of Lot 13, had erected obstructions, consisting of planks placed on the tops of barrels, across said passageway in two places; — one at its easterly end, parallel with the line of Massachusetts Avenue, the other along the easterly line of Balknap Street, extended. The petitioners excepted to that portion of the judge's charge to the effect that the obstruction of the passageway would be ineffective to prevent the acquiring of a prescriptive right unless such interruption was authorized or ratified by the owner of the passageway. This is the only exception before us for consideration.

We assume that the petitioners own the fee in the northerly half of that section of the passageway which abuts on their lot, and that Mrs. Pitts owns the fee in the southerly half. See *Gould* v. *Wagner,* 196 Mass. 270; *Kaatz* v. *Curtis,* 215 Mass. 311. But the acts of Stearns in maintaining for a few days the obstructions at the easterly end of the passageway were not authorized or ratified by either of them. We infer that "Stearns, the owner of Lot 13" is Caroline A. Stearns, to whom Mrs. Pitts conveyed that lot in 1893. Her only interest in this portion of the way, so far as shown by the record, above recited, was a right to use it for ordinary travel. Manifestly this right to use the passageway was not confined to the petitioners and to the owners of Lot 13, but was enjoyed by an indefinite number of other persons. As the plan indicates, this twenty foot passageway, originally designed as the northerly half of a forty foot street, connects Massachusetts Avenue, a public way, with Belknap Street, which in turn runs into Linwood Street. See *Downey* v. *H. P. Hood & Sons,* 203 Mass. 4; *Attorney General* v. *Onset Bay Grove Association,* 221 Mass. 342, 347.

The obstruction opposite the lot of the petitioners was placed there by Stearns "for the purpose of preventing the acquiring of any prescriptive rights by third persons." It does not appear to have been even brought to the notice of the respondent. Such temporary intrusion or occasional trespass by a stranger does not interrupt the running of the statute in behalf of an adverse occupant. R. L. c. 130, § 2. *Proprietors of Jeffries Neck Pasture* v. *Ipswich,* 153 Mass. 42, 45. 2. C. J. 98.

The other obstruction, at the westerly end of Lot 13, does not seem material to the registration of the land of the petitioners. Over that portion of the passageway they have only a right of way, and that right is not disputed. The rights of Stearns in that part of the passageway are not before us for determination. No copy of the deed from Pitts to Stearns is in the record, and all the parties interested are not before the court.

We find no reversible error in the portion of the charge objected to, and the entry must be

*Exceptions overruled.*