STEVE TRUC & another *vs.* CHARLES T. FIELD & another.

Franklin.    September 18, 1929. — January 2, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Prescription. Evidence,* Presumptions and burden of proof, Competency. *Easement.*

The presumption of a lost grant is not conclusive until enough appears to establish a title to the thing claimed. Per WAIT, J.

The rule in Massachusetts is that, wherever there has been a use of an easement for twenty years unexplained, it will be presumed to be under claim of right and adverse, and such use will be sufficient to establish title by prescription and to warrant the presumption of a grant unless controlled or explained.

A master, to whom was referred a suit in equity to enjoin the defendant from interfering with a flow of water from a spring on his land through pipes to the plaintiff's land, found in substance that the parties owned and occupied adjoining farms; that there never had been a unity of title in the two farms; that water had run from the spring to the premises "now" owned by the defendant for a period of at least sixty years, except for one or two interruptions; that, since sometime in the early "'60's," the owner of the land "now" of the defendant had asserted the right to give or to withhold the water and had been careful that no prescriptive right to it should accrue; that the "beginning of the use of the water by the owners of the property now owned by the plaintiffs is lost in the mist of antiquity." The master further found that no prescriptive right to use of water of the spring had arisen in favor of the plaintiff. A decree was entered dismissing the bill. The plaintiff appealed. *Held*, that

(1) The original use of the water was fully as consistent with oral permission of the then owner of the spring as with the formal grant of an easement;

(2) While it was conceivable that before 1860 the use had been so long enjoyed, open, uninterrupted, adverse under claim of right, and acquiesced in by the owners of the defendant's land, that a title to an easement by prescription had been acquired, it could not rightly be ruled as a matter of law that a grant of the easement had ever existed, and evidence which seriously weakened belief in the existence of a grant and right properly was considered;

(3) Evidence, that use of the water since 1870 was permissive only, was of weight to show that use before that date also was permissive;

(4) The inference with regard to the beginning of the use properly was drawn from events which happened long after the actual circumstances attending that beginning had been forgotten or lost through lapse of time;

(5) The decree denying the existence of the prescriptive right in the plaintiff and dismissing the bill properly was entered.

BILL IN EQUITY, filed in the Superior Court on March 26, 1924, against "Charles Field," praying that the defendant be directed to remove an obstruction in pipes running from the spring, described in the opinion, to the plaintiff's land, and that he be enjoined from further obstructing the flow of water in such pipes.

The suit was referred to a master. In the master's report were the following findings:

"4. I find that the water has run from this spring on the land now owned by Fannie M. Field to the premises now occupied by the plaintiffs for a period of at least sixty years except for one or two interruptions, which will be mentioned

later, until it was finally cut off by the defendant December 21, 1923. . . ."

"9. There was testimony that back of the Hocum ownership there had been payments for this water, sometimes in sand, sometimes in grass, and sometimes in money. The beginning of the use of the water by the owners of the property now owned by the plaintiffs is lost in the mist of antiquity, but the weight of the evidence impells me to find that since sometime in the early "60's" when Silas Field owned the premises, the defendant and her predecessors in title have claimed the right to give, or with-hold, this water, and have been careful that no prescriptive right to it should accrue.

"I find that no such right has accrued as against the property of Fannie M. Field, the present owner, upon which the spring mentioned in the plaintiffs' bill is located."

Other material findings and rulings by the master are stated in the opinion. The master, in the closing paragraph of his report, stated as follows: "Certain exceptions were saved by the plaintiffs during the hearing and they are annexed to this report. At the request of plaintiffs' attorney I have also annexed the chain of titles. I have furnished counsel for each party with a copy of this report, with the exception of said objections and said exhibits which have already been considered." Annexed to the report were two chains of title, and what were denominated "Plaintiff's Exceptions."

On motion by the defendant, an interlocutory decree was entered by order of *Lummus,* J., confirming the report. It contained no mention of objection or exception. A final decree was entered on the same day dismissing the bill. The plaintiffs appealed from the final decree only.

In this court, by consent of the parties, the amendments described in the opinion were allowed.

*W. A. Davenport,* (*W. L. Davenport* with him,) for the plaintiffs.

*R. H. Cook,* for the defendants.

WAIT, J. The plaintiffs appeal from a decree dismissing their bill with costs, and declaring that they have no right,

title or interest to have water flow to their premises from a spring upon premises occupied by Charles Field, the original defendant, and owned by Fannie M. Field, his wife. In consequence of suggestions made at the argument of the appeal, Fannie M. Field has, by amendment, been made a defendant and has assented to and accepted all proceedings theretofore taken in the cause. We disregard any questions which might have required consideration in the absence of such amendment. No appeal was taken from an interlocutory decree which confirmed the report of a master; but the plaintiffs insist that certain rulings of the master in the admission of evidence were erroneous. Whether the contention is open to them is not clear from the record; but as the rulings and evidence with the plaintiffs' exceptions thereto are set out in the report, we have treated them as properly before us and have considered them. See *Commissioner of Banks* v. *Tremont Trust Co.* 267 Mass. 331.

From the master's report the following facts appear: The parties own and occupy adjoining farms. The plaintiffs' premises have been supplied for over sixty years with water flowing from a spring on the premises of the defendants. The chain of title put in evidence by the defendants, which includes twelve deeds, runs from 1795; and since 1835 the defendants and their predecessors in the Field family have owned and occupied the spring farm. The chain of title put in evidence by the plaintiffs includes twenty-one recorded deeds and runs from 1840. There has never been a unity of title in both farms. No deed in either chain of title contains any reference to rights in pipes, or water, or in the spring. Since the early "60's" when one Silas Field owned the spring farm, the defendant Fannie and her predecessors in title have claimed the right to give or to withhold the water and have been careful that no prescriptive right should accrue. Payments in sand, or grass, or money have been made for the use of the water by the owners and occupants of the farm now owned by the plaintiffs. The water was cut off for a time, but was allowed again to run when, in January of 1887, one C. A. Hocum, then owner of the plaintiffs' premises, acknowledged in writing that he did not own the

spring or any right to take water from it save by permission of C. T. Field then owning the spring farm. Again in November, 1908, C. T. Field and Louis N. Hocum made a written agreement by which, in return for a right of way from Hocum, Field agreed to allow Hocum to lay pipe and draw water from the spring during the life of the agreement, which was to expire in five years. Louis N. Hocum had owned the plaintiffs' premises from March, 1895, till August, 1908, when he had transferred his title by a conduit to his wife Emma, who was holding it in November, 1908. The master found, however, that "The beginning of the use of the water by the owners of the property now owned by the plaintiffs is lost in the mist of antiquity."

The plaintiffs claim, as appurtenant to their premises, an easement in the spring and its water, and contend that, although they are unable to produce any instrument of grant to them or their predecessors in title, such a grant must be presumed; and that evidence of events subsequent in time to the expiration of the period necessary to the creation of a title by prescription is incompetent and immaterial to disprove such grant.

No case in our reports has been called to our attention which presents the situation of a use whose beginning "is lost in the mist of antiquity"; but the principles underlying many decisions of our court with regard to the acquisition of easements through adverse use and the proof of the existence of a prescriptive right do not sustain the contentions.

The presumption of a lost grant is not conclusive until enough appears to establish a title to the thing claimed. In *Edson* v. *Munsell,* 10 Allen, 557, at pages 568–569, it is said: "In order to require the jury to presume a grant, the possession or use must have all the qualities of a prescription; it must be open, adverse, uninterrupted, and with the acquiescence of the owner. Any fact which directly affects the probability of such acquiescence must be submitted to the jury to assist them in determining whether such a presumption should or should not be made."

The rule in Massachusetts is that wherever there has been

the use of an easement for twenty years unexplained, it will be presumed to be under claim of right and adverse, and will be sufficient to establish title by prescription and to authorize the presumption of a grant unless controlled or explained. *White* v. *Chapin,* 12 Allen, 516, 519. *Van Allen* v. *Sweet,* 239 Mass. 571, 574.

The plaintiffs gain nothing from an assumption that the original use was lawful. The original use of the water is fully as consistent with oral permission of the then owner of the spring, as with the formal grant of an easement. There is no more reason to suppose a grant of an easement at the time the use began than at the time in the decade between 1860 and 1870 when the payment was made for using the water, or when in 1887 the owners of the farms in writing provided for a permissive use admitted to be not of right. It is well established law that when an easement is claimed for which no instrument of grant can be produced, evidence of the circumstances surrounding the beginning of the use and tending to show the character and extent of the right asserted is admissible. *Edson* v. *Munsell, supra,* and cases there cited. *Bachelder* v. *Wakefield,* 8 Cush. 243. *Powell* v. *Bagg,* 8 Gray, 441. *Smith* v. *Miller,* 11 Gray, 145. *Philbrick* v. *Ewing,* 97 Mass. 133. *Bigelow Carpet Co.* v. *Wiggin,* 209 Mass. 542. *Deerfield* v. *Connecticut River Railroad,* 144 Mass. 325. Any fact or statement relevant thereto is competent. *Ricard* v. *Williams,* 7 Wheat. 59. *Edson* v. *Munsell, supra.* See *Sargent* v. *Ballard,* 9 Pick. 251. A use continued throughout the period of limitation of actions for wrongful use, and unexplained, is enough to entitle the claimant to go to a jury, *White* v. *Chapin, supra, Hill* v. *Crosby,* 2 Pick. 466, but is not necessarily conclusive. The use here has extended over sixty years, and there is no evidence of acts or circumstances attending that use before some time in the decade beginning with 1860. It is conceivable that before 1860 the use had been so long enjoyed, open, uninterrupted, adverse under claim of right, acquiesced in by the owners of the spring farm, that a title to an easement by prescription had been acquired; but we do not think that we are bound to presume conclusively that a grant of the easement has

ever existed, or to hold that evidence which seriously weakens belief in the existence of grant and right cannot be considered because of such presumption.

It is manifest that no prescriptive right has been acquired by the plaintiffs or their predecessors in title since the interruption of their use in 1887. If the right exists, it must be because of adverse use ripening into a prescriptive title before 1870; and we think evidence of permissive use since that date, (whenever it was, if ever,) is cogent evidence that the use before that speculative moment was also permissive, — evidence that is admissible under our decisions to assist in ascertaining the character and extent of the right claimed by the plaintiffs. A legitimate inference with regard to the beginning of a use may be drawn from events which happen after — even long after — the actual circumstances attending that beginning have been forgotten or lost through lapse of time. Evidence of those events is not incompetent.

*Decree affirmed.*