FRANK W. TUCKER & another *vs.* WILLIAM H. POCH.

Norfolk.   May 8, 1947. — May 29, 1947.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Adverse Possession and Prescription.*

The fact, that for more than twenty years following an exchange of instruments by owners of adjoining parcels of land which released, each to the other, rights, previously established by deed, in a passageway located on both parcels along their common boundary, the way had been used in common by them and their successors in title openly and uninterruptedly without an obstruction or dispute by any owner or owners of either parcel, in the absence of any evidence that such use by the owner or owners of one of the parcels was under some license, indulgence or special contract inconsistent with a claim of right, required an inference that such use was under a claim of right and adverse; and in such circumstances a prescriptive right to such use was established.

BILL IN EQUITY, filed in the Superior Court on July 23, 1946.

The case was heard by *Swift*, J., on a master's report.

*J. S. Kennedy*, for the defendant.

*V. R. Brogna*, for the plaintiffs.

SPALDING, J. This is an appeal by the defendant from a final decree ordering him to remove a fence which he had erected in a passageway running between his land and land of the plaintiffs, and permanently enjoining him from interfering with the plaintiffs' right to use the passageway. The case was referred to a master whose report was confirmed by an interlocutory decree from which no appeal was taken. The master's findings thus became conclusive between the parties. *Perry* v. *Oliver*, 317 Mass. 538.

Facts found by the master are these: The plaintiffs are tenants in common of a lot of land on Harvard Street in Dedham. The defendant is the owner of an adjoining lot on the same street. Between the two lots is a passageway eighteen feet wide which runs from Harvard Street toward the rear of the lots for a distance of one hundred two feet. The boundary line between the lots runs through the middle of the passageway so that nine feet of it is on each lot. In 1873 the plaintiffs' predecessor in title acquired his parcel from persons who also owned the lot now owned by the defendant. By the terms of the deed the grantors reserved a right of passage over a nine foot strip in the granted premises, and a similar right was given to the grantee over a nine foot strip on the land of the grantors. These two strips comprised the passageway now in controversy, and it was provided in the deed that it was "to be kept open for the benefit of abutters forever." On June 6, 1907, the lot now owned by the plaintiffs was owned by their mother, Emily L. Tucker, and the defendant's lot was owned by George E. Wilson. On that date the owners exchanged instruments, which were duly recorded, whereby each released "all right of way" in that part of the passageway which was on the land of the other.

The defendant acquired title to his lot in 1917 from the estate of George E. Wilson. The plaintiffs became the

owners of their lot through inheritance from their mother in 1921. "From the date of the purchase of the property by the . . . [plaintiffs'] father in 1873 down to some date in 1945 this passage, or drive, way 102 feet in length and 18 feet wide, had been used by them and the owners of the adjoining property freely, openly and in common; no obstructions of any kind being placed therein by either party during this period; there was never any dispute or discussion between the parties as to their respective rights in it."

At some time in 1945 the relations between the parties "became strained," and the defendant erected a fence which runs along the middle of the passageway throughout its entire length. This "tended to defeat the purpose for which this driveway was originally intended to serve and which it had served." Failing in their efforts to induce the defendant to remove the fence, the plaintiffs instituted these proceedings.

The plaintiffs contend that they acquired by adverse use the right to use that part of the passageway which is on the defendant's land. Such use, it is argued, began in 1907, when the express easements were extinguished, and continued without interruption until 1945. Thus the question for decision is whether on the facts found by the master the plaintiffs have acquired an easement by prescription in the defendant's property.

The plaintiffs had the burden of proving that the use of the passageway under consideration had been open, uninterrupted and adverse for a period of not less than twenty years. *Sargent* v. *Ballard,* 9 Pick. 251, 254. *Powell* v. *Bagg,* 8 Gray, 441, 443. *Edson* v. *Munsell,* 10 Allen, 557, 568. *Deerfield* v. *Connecticut River Railroad,* 144 Mass. 325, 338. *Bigelow Carpet Co.* v. *Wiggin,* 209 Mass. 542, 547. *Gadreault* v. *Hillman,* 317 Mass. 656, 661. G. L. (Ter. Ed.) c. 187, § 2. Restatement: Property, §§ 457, 458. The findings of the master show an open and uninterrupted use of the passageway by the plaintiffs for the requisite period of twenty years. It remains to consider whether the findings go far enough to establish a use which was adverse to

the defendant, that is, under a claim of right. We are of opinion that they do. "The rule in Massachusetts is that wherever there has been the use of an easement for twenty years unexplained, it will be presumed to be under claim of right and adverse, and will be sufficient to establish title by prescription and to authorize the presumption of a grant unless controlled or explained." *Truc* v. *Field*, 269 Mass. 524, 528–529. To the same effect are *Barnes* v. *Haynes*, 13 Gray, 188, *Blake* v. *Everett*, 1 Allen, 248, 251, *White* v. *Chapin*, 12 Allen, 516, 519–520, *Van Allen* v. *Sweet*, 239 Mass. 571, and *Fortier* v. *H. P. Hood & Sons, Inc.* 307 Mass. 292, 298. See Washburn, Easements & Servitudes (4th ed.) page 156; Tiffany, The Law of Real Property (3d ed.) § 1196a. There are no findings here which rebut the presumption of adverse use arising from the open and uninterrupted use of the passageway for the required period. The findings do not show that the plaintiffs' use of the way "was under some license, indulgence or special contract inconsistent with a claim of right" by them. *White* v. *Chapin*, 12 Allen, 516, 519–520. In the absence of such findings it is to be inferred under the rule stated above that the plaintiffs' use was under a claim of right.[1] The case at bar is distinguishable from *Bartlett* v. *Roosevelt, Inc.* 258 Mass. 494, 496, relied on by the defendant, where there was an express finding by the master that the use was "not under any color of title or any claim of right."

The defendant urges that the plaintiffs have not come into court with clean hands. As to this contention the master found that the plaintiffs "erected a fence beginning on the boundary line between the land owned by the respective parties and distant 102.2 feet northerly from Harvard Street, continuing to the eastward across the driveway a distance of nine feet and extending northerly again a distance of fifteen feet to an old fence." By comparison with a plan incorporated in the report of the master it appears that the erection of such fence in no way interfered with

---

[1] For a discussion and collection of cases dealing with the rights arising from the reciprocal use by adjoining owners of passageways partly on the land of each see 98 Am. L. R. 1098, et seq.

any rights of the defendant in the passageway now in controversy.

It follows that the decree appealed from was right and must be

*Affirmed with costs.*