FRANCES W. BRINK vs. LENORA C. SUMMERS. June 7, 1967. The plaintiff brought this bill to compel the removal of a portion of the defendant's residence, which extends over a boundary line onto vacant land owned by the plaintiff and which was constructed following a mistake made by a surveyor employed by the defendant. The bill was taken pro confesso against a former defendant bank which holds a mortgage on the defendant's property. A Land Court plan delineating the boundaries of the adjacent lots of the parties had been of record for many years prior to the employment of the surveyor. The judge found that the defendant's dwelling, which had a width at that point of twenty feet, extended onto the plaintiff's land for seventeen and a half feet, and found also that the "building ordinances of the Town of Falmouth [where the building was located] require a set-back of ten feet from property lines." A final decree ordered the defendant to "remove . . . her building at least ten feet from . . . [the plaintiff's] boundary line." There was no error. Notwithstanding the innocent mistake and the resultant expense to the defendant, on these facts the plaintiff is entitled to a mandatory injunction requiring the removal of the building unlawfully placed upon her land without regard to the amount of her damage, the cost of removal, or the defendant's good faith. *Ferrone* v. *Rossi,* 311 Mass. 591, 593. *Blood* v. *Cohen,* 330 Mass. 385, 387. *Sheppard Envelope Co.* v. *Arcade Malleable Iron Co.* 335 Mass. 180, 188–189. A review of the evidence demonstrates, as the judge found, no laches on the part of the plaintiff.

*Decree affirmed.*

*James D. St. Clair* for the defendant.
*John H. Fletcher Calver* for the plaintiff.


ALARIC J. DUMAIS vs. DOMINICK LAINO. June 8, 1967. The issues on this appeal from the decision of the Appellate Division dismissing a report from the District Court of Springfield are adequately dealt with in the decision. There was no error.

*Order dismissing report affirmed.*

*Michael W. Albano* for the defendant.
No argument or brief for the plaintiff.