GUISEPPE MASTANDREA *vs.* SALVATORE P. BARESSI
& another.[1]

Norfolk.    January 16, 1974. — March 19, 1974.

Present: HALE, C.J., ROSE, GOODMAN, GRANT, & ARMSTRONG, JJ.

*Adverse Possession and Prescription. Evidence,* Pleadings. *Equity Jurisdiction,* Laches. *Way,* Private: enforcement of easement.

A final decree in a suit in equity establishing a prescriptive right of the plaintiff to use as a driveway in common with the defendants a strip of land between the parties' adjacent houses was supported by findings that, over a period of at least twenty years before the defendants acquired their property, there had been open and uninterrupted use of the driveway by the plaintiff and sons living with him and no discussions or disputes between the plaintiff and the defendants' predecessors concerning use of the driveway, and also by a finding that the use by the plaintiff and his sons was adverse, based on the presumption that such a use, unexplained, is adverse. [55-56]

---

[1] Ida R. Baressi.

The plaintiff in a suit in equity was not bound by allegations in the bill which were deleted by an amendment thereof allowed before trial. [56]

On the record, the plaintiff in a suit in equity to establish a prescriptive right to use a strip of land of the defendant as a driveway was not barred by laches by reason of a nine-year delay on the part of the plaintiff in bringing the suit. [57]

BILL IN EQUITY filed in the Superior Court on March 29, 1968.

The suit was heard by *Brogna, J.*

*Frederick T. Golder* for the defendants.

*Joseph R. Santos* for the plaintiff.

GRANT, J. This bill in equity was brought by the plaintiff to secure injunctive relief which would effectively establish his rights in an alleged common driveway (thirteen feet in width) which lies partly on the plaintiff's land but mostly on the defendants' land and which runs between and close to their respective houses, which face on Milton Street in Dedham. The defendants have appealed from a final decree which declared that the plaintiff has a prescriptive right (limited to use as a driveway) in so much (ten feet) of the driveway as is located on the defendants' land, which ordered the defendants to remove a wooden picket fence erected by them near and roughly parallel to the common boundary between the respective lots of the parties, and which enjoined the defendants from interfering with the plaintiff's use of the driveway in common with the defendants. The case is here on voluntary findings made by the trial judge and on a report of the evidence (which need not be recited in detail).

1. There was no error in the judge's findings, in essence, that the plaintiff had sustained his burden of proving that his use of the driveway had been (a) open, (b) uninterrupted and (c) adverse to the defendants' predecessors in title (d) for a period of not less than twenty years (see *Tucker* v. *Poch,* 321 Mass. 321, 323 [1947]) prior to the defendants' acquisition of their lot in 1959, when the fence was erected.

(a) There was no question that the uses made of the driveway by the plaintiff (and by at least two of his sons while they lived with him) had been open and notorious. See *LaChance* v. *First Natl. Bank & Trust Co.* 301 Mass. 488, 490-491 (1938); *Nocera* v. *DeFeo,* 340 Mass. 783 (1959). Contrast *Gadreault* v. *Hillman,* 317 Mass. 656, 659, 661-662, 662-663 (1945).

(b) The uses made by the plaintiff and by his sons may be characterized as fairly regular (see *Nocera* v. *DeFeo,* 340 Mass. 783 [1959]; contrast *Ryan* v. *Stavros,* 348 Mass. 251, 262-263 [1964]; *Uliasz* v. *Gillette,* 357 Mass. 96, 101-102 [1970]) and were punctuated (1) by annual deliveries of firewood (see *Abbott* v. *Mars,* 277 Mass. 122, 124 [1931]) and (2) by twice yearly deliveries of coal which was chuted into the cellar of the plaintiff's house from trucks which were driven into the driveway (as to which see *Parks* v. *Bishop,* 120 Mass. 340, 342 [1876]; *American Oil Co.* v. *Alexanderian,* 338 Mass. 112, 114 [1958]) during the period from 1930 (or 1936) to 1959.

(c) The plaintiff was not bound by the allegations in his original bill to the general effect that his use of the driveway from 1930 to 1959 had been by virtue of an oral agreement with the defendants' predecessors in title (as to which see *Gadreault* v. *Hillman,* 317 Mass. 656, 663 [1945]). Those allegations were deleted by an amendment allowed in advance of trial and were, therefore, no longer even evidence in the case. *Harrington* v. *Metropolitan Transit Authy.* 345 Mass. 371, 373 (1963). The judge found (on ample uncontradicted evidence) that there had been no discussion or disputes between the plaintiff and the defendants' predecessors concerning the use of the driveway during the period from 1936 to 1959. His finding that the plaintiff's use had been adverse was grounded on the (here unrebutted) presumption that an unexplained use for twenty years which is open and uninterrupted is to be taken as adverse to the owner. See *American Oil Co.* v. *Alexanderian,* 338 Mass. 112, 115

(1958), and cases cited; *Flynn* v. *Korsack*, 343 Mass. 15, 17-19 (1961). Contrast *Spencer* v. *Rabidou*, 340 Mass. 91, 92-93 (1959).

(d) The evidence with respect to uses which has been adverted to in (b) above supported the findings with respect to the necessary period of twenty years (G. L. c. 187, § 2).

2. The plaintiff was not barred by laches, as pleaded by the defendants. We cannot say that the defendants, who were quite aware of the plaintiff's claim (see *Albano* v. *Puopolo*, 309 Mass. 501, 509-510 [1941]; *Ottavia* v. *Savarese*, 338 Mass. 330, 336-337 [1959]), were prejudiced by the nine-year delay in the plaintiff's bringing suit (compare *Albano* v. *Puopolo*, 309 Mass. 501, 510 [1941]; *Goldstein* v. *Beal*, 317 Mass. 750, 759 [1945]). The decree does not require the defendants to remove the paving which was laid on their side of the driveway following 1959 or to restore the surface of the ground to the 1959 grade. The relocation of the front and rear entrance steps to the defendants' house appears to have been occasioned and required by the defendants' conscious decision (evidenced by the erection of the fence) to use less of the width of the driveway than was available to them. See, generally, *Ferrone* v. *Rossi*, 311 Mass. 591, 595-596 (1942); *Ottavia* v. *Savarese*, 338 Mass. 330, 335-337 (1959); *Brink* v. *Summers*, 352 Mass. 786 (1967).

3. In the admission of evidence there was no error which "injuriously affected the substantial rights of the [defendants]" within the meaning of G. L. c. 231, § 132.

4. No appeal was taken from, nor was any bill of exceptions prosecuted with respect to, the order or decree denying the defendants' motion for a new trial. Accordingly, we ignore the motion, which presented no issue which has not already been discussed.

*Final decree affirmed with costs.*