LESLIE D. BROWN & another *vs.* FRIEDA SNEIDER.

Norfolk.   January 23, 1980. — March 3, 1980.

Present:  HALE, C.J., GRANT, & NOLAN, JJ.

*Easement,* Prescription.  *Adverse Possession and Prescription.   Evidence,*
Relevancy.  *Practice, Civil,* Master: record of excluded evidence.

In an action to enjoin the defendant's use of a portion of the plaintiffs'
    land for the parking of motor vehicles, findings that the use of the area
    by the defendant and her predecessors in title had been actual, open,
    continuous, and notorious for a period in excess of twenty years and
    that the use included the parking of motor vehicles were warranted
    and supported a conclusion that the defendant had acquired a
    prescriptive easement which included the right to park motor vehicles
    on the property.  [331-332]
In an action to enjoin the defendant's use of a portion of the plaintiffs'
    land for the parking of motor vehicles, the finding by a master that the
    defendant had acquired title to the property by adverse possession was
    inconsistent with his subsidiary findings which established merely that
    the defendant had acquired a prescriptive easement permitting in-
    gress, egress, and the parking of motor vehicles.  [332]
In an action to determine whether the defendant had acquired a prescrip-
    tive easement for the parking of motor vehicles on a portion of the
    plaintiffs' property, there was no error in excluding evidence that the
    defendant's use of the driveway for ingress and egress for a portion of
    the required time was permissive where such evidence was not
    material to the issue of the defendant's continued adverse use of the
    land for parking.  [332-333]
A master hearing a civil case is required to make a record of the evidence
    offered and excluded only when a party so requests.  [333]

CIVIL ACTION commenced in the Superior Court on
December 22, 1975.

The case was heard on a master's report by *Belmonte,* J.,
a District Court judge sitting under statutory authority.

*Lillian S. Gurvitz* for the plaintiffs.
*John A. Keach, Jr.,* for the defendant.

NOLAN, J.  The plaintiffs and the defendant owned contiguous parcels of real estate on Grove Street in Sharon in 1974 and for many years prior to that year.  In October, 1970, the plaintiffs had had their property surveyed and learned that the driveway to the defendant's garage crossed a portion of their property.  After negotiations by the parties, the defendant, by deed dated December 5, 1974, gave the plaintiffs and "their successors and assigns" an easement over a portion of her property which was described as a "Garden Easement."  The deed granted a "right of way and easement" over an area of 132 square feet more particularly described on a plan which apparently has not been recorded.

Reciprocally, by a deed dated December 14, 1974, the plaintiffs granted to the defendant an easement over a portion of their land denominated as the "Driveway Easement."  That easement was described as "a right of way and easement" containing 132 square feet "for purposes of ingress and egress" to the defendant's house.  This easement also gave the defendant and her successors and assigns "the right and easement from time to time, to repair, renew and resurface" the driveway.  Both instruments were recorded in the Norfolk registry of deeds on December 23, 1974.

As early as October, 1971, attorneys for the plaintiffs and the defendant had exchanged correspondence, the gist of which was the allegedly adverse use to which the defendant was putting the area which was later described as the "driveway easement."  This correspondence became the subject of a ruling on evidence which will be treated later. The exchange of letters continued until the commencement of this action.

The thrust of the complaint is that the defendant has permitted motor vehicles to be parked on the "driveway easement" in contravention of the terms of the easement, which allows only ingress and egress.  The defendant responded by filing an answer which admitted to parking motor vehicles from time to time on the driveway easement area.  The defendant claimed a right to park on the driveway, based on

the deed itself, on an easement by implication, and by prescription. The defendant's counterclaim complained that the plaintiffs had constructed a tool shed on the garden easement. (That issue is not before us on appeal.) The case was tried to a master whose report after recommittal was adopted. Mass.R.Civ.P. 53(e) (2), 365 Mass. 820 (1974). Judgment was entered for the defendant, and the plaintiffs have appealed. We affirm the judgment with modifications.

The errors asserted by the plaintiffs fall into three groups: (1) a finding by the master that the defendant acquired a prescriptive easement which included the right to park motor vehicles on the driveway easement area; (2) a finding that the defendant acquired title to the area known as the driveway easement by adverse possession; and (3) miscellaneous rulings on evidence and procedure.

1. *Prescriptive Easement.* An easement is a right which one person has to use the land of another for a definite purpose. *Ritger* v. *Parker,* 8 Cush. 145, 147 (1851). Restatement of Property § 450(a) (1944). An easement is acquired by prescription when such use has been "open, uninterrupted and adverse for a period of not less than twenty years." *Tucker* v. *Poch,* 321 Mass. 321, 323 (1974). Restatement of Property § 457 (1944). The master found that the use of the driveway easement area by the defendant and her predecessors in title had been "actual, open, continuous, notorious" from December 23, 1953, until December 22, 1976, a period in excess of the twenty-year requirement. G. L. c. 187, § 2. The use of the property during this period included the parking of motor vehicles in the area of the driveway easement. That finding is not clearly erroneous and we will not disturb it. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974).

The master found no evidence that the plaintiffs had "committed or caused to be committed any overt act" to prevent the acquisition of a prescriptive easement. See *Ryan* v. *Stavros,* 348 Mass. 251, 263-264 (1964). They took no steps to bar the defendant from using the driveway easement area. They did not employ the notice requirements of

G. L. c. 187, § 3. In a word, they did not "effectively block the easement." *Ryan* v. *Stavros,* 348 Mass. at 264.

2. *Title by Adverse Possession.* The master concluded that the defendant acquired title to the driveway easement area by adverse possession. The master's ultimate findings are open on appeal. *Madigan* v. *McCann,* 346 Mass. 62, 64 (1963). *Bills* v. *Nunno,* 4 Mass. App. Ct. 279, 283 (1976). Title in fee, which is presumably the title to which the master refers, and an easement are different. The master's conclusion in this regard is inconsistent with his subsidiary findings. *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431, 435 (1938). See Nolan, Civil Practice § 935 (1975). The master's subsidiary findings are consistent only with his conclusion that the defendant acquired a prescriptive easement permitting ingress, egress and the parking of motor vehicles. Therefore, the master's conclusion that the defendant acquired title in fee by adverse possession is erroneous, as is paragraph 2 of the judgment based on that conclusion.

3. *Miscellaneous Rulings on Evidence and Procedure.* There was no error in the master's exclusion of correspondence between the attorneys concerning the driveway easement. This correspondence ultimately led to the drawing and execution of the deeds of easement already mentioned. The letters were not material to any issue in the case. The plaintiffs argue that the letters between the attorneys compel a finding that for the last two of the required twenty years the defendant's use had been permissive and not under color of right. However, the defendant's continued use of the driveway not only for ingress and egress but also for parking was an act denying the plaintiffs' authority. *Ryan* v. *Stavros,* 348 Mass. at 263. See Restatement of Property § 458, Comment to cl. (a). Moreover, since, as the master found, the defendant's actual use was adverse, open and continuous, the defendant's frame of mind was not material. In *Ottavia* v. *Savarese,* 338 Mass. 330, 334 (1959), the court said: "That the uncommunicated mental attitude of the possessor is irrelevant when his acts import an adverse character to his holding is shown by cases involv-

ing disputed boundaries where the possessor intends to hold without intending to deprive any other of what is rightfully his." See also *American Oil Co.* v. *Alexanderian*, 338 Mass. 112, 115 (1958).

A motion to recommit the master's report was allowed. The order provided: "The Master shall submit a Supplemental Report on this aspect of the hearing containing records of evidence offered and excluded, covering each instance in which a request for such a record was made in timely fashion. In lieu of such records, the Master may report the reason(s) why no records of excluded evidence were appended." The master filed a report after recommittal in which he recited that no request had been made by either party that he "make a record of the evidence that had been offered and excluded." The master is required to make a record of the evidence only when a party so requests. The master acted within his authority and consistently with Mass.R.Civ.P. 53(c), 365 Mass. 818 (1974). See also Rule 49(7) of the Superior Court, as amended (1976).

4. *Conclusion.* Paragraph number 2 of the judgment is to be struck. The judgment is to be modified to include a description of the legal boundaries of the property referred to as the driveway easement which is suitable for recording in the registry of deeds. As so modified, the judgment is affirmed.

*So ordered.*