CATHERINE E. STAGMAN *vs.* DENNIS KYHOS, trustee,
& others.[1]

Norfolk. January 14, 1985. — April 3, 1985.

Present: BROWN, KAPLAN, & FINE, JJ.

*Adverse Possession and Prescription. Real Property,* Easement.

In an action to establish that the plaintiffs had acquired an easement by pre-
scription, the judge was warranted in finding that the owners of the
servient land had not blocked the easement so as to interrupt the running
of the twenty-year limitation period. [592-593]

In an action to establish that the plaintiffs had acquired an easement by
prescription, the judge's warranted findings established a sufficient pat-
tern of continuous use. [593]

Conduct by the owners of a dominant tenement, occurring after their use of
a certain passageway had ripened into an easement by prescription,
showed no intention to abandon the easement. [593]

Owners of a dominant tenement were entitled to pave the surface of a private
way over which they had acquired the prescriptive right of passage.
[593-594]

In an action to establish that the plaintiffs had acquired an easement by pre-
scription, there was nothing in the evidence tending to show that un-
reasonable delay in commencing the action had caused substantial prej-
udice to the defendants. [594]

CIVIL ACTION commenced in the Land Court Department
on October 26, 1981.

The case was heard by *Marilyn M. Sullivan,* J.

*Stephen A. Greenbaum* for the defendants.

*James M. Kickham* for the plaintiff.

---

[1] The defendants are the trustees of the 56-58 Greenough Condominium
Trust; the owners of units in the buildings at 56-58 Greenough Street and
parties having the right to use parking spaces at the rear thereof; the holders
of mortgages on the interest of certain defendants; and certain parties having
an easement of record to use the right of way and access to the parking
area in question, and the mortgagees of two of those parties.

BROWN, J. In a proceeding brought by Catherine and Nathan Stagman[2] in the Land Court to establish an easement by prescription, a judge of that court determined that "there is appurtenant to the premises [of the plaintiff] the prescriptive right to pass and repass to and from said premises" and Gorham Avenue, on foot and in vehicles, over the land of the defendants. The judge then permanently enjoined the defendants and any persons acting in their behalf or "claiming under them . . . from interfering with said use by the plaintiff."

We summarize the judge's findings of fact. The disputed premises are the parking area owned by the defendants at the rear of 56-58 Greenough Street in Brookline. In 1950 the Stagmans purchased a house (with an adjacent parking space) at 44 Stanton Road in Brookline. As the Stanton Road house had no frontage on that road or any other, the Stagmans "commenced their use of the passageway [in question] . . . for access to and egress from their home and Gorham Avenue." The Stagmans did, however, have access to their parking space pursuant to a record right of way. The record right of way provided easy access on foot,[3] but, as a practical matter, "vehicular access over the record right of way" was made difficult by a "fence maintained in the area of the walkway." Customarily, therefore, the Stagmans walked or drove to Gorham Avenue "by traversing the defendants' passageway and parking area." The Stagmans' tenants and third parties furnishing services to the Stagmans likewise used this route from Gorham Avenue.

Access to the parking space next to the Stagmans' house was rarely blocked by parked cars before 1971, though trash collection from the Stagmans' premises was discontinued, at least for a time, because access was impeded. In 1971 one Barth, the defendants' predecessor in title, acquired the disputed premises. The Greenes, owners prior to Barth, had only one tenant and took care to insure that cars did not obstruct

---

[2] Nathan Stagman died after the institution of the action, and his widow, Catherine Stagman, succeeded to his interest as the surviving tenant by the entirety.

[3] For example, the judge found that the record right of way was "the route used by the mailman in making his daily rounds."

passage from Gorham Avenue. After Barth acquired the property, often both authorized and possibly unauthorized cars parked on the lot behind 56-58 Greenough Street and blocked the Stagmans' access to the parking space on their property. Accordingly, they began renting a parking space from Barth which "they sometimes used, if they thought they might be blocked from leaving their own front yard." In 1980, Estelle D. and Charles R. Adams, trustees of Dean Realty Trust, acquired record title to 56-58 Greenough Street, including the parking area, and converted the property to condominium units. In June, 1980, they notified the Stagmans that their rented parking spaces[4] would no longer be available; later, however, the condominium trust offered extra space, to which offer the Stagmans failed to respond. They continued to drive through the defendants' lot to reach the parking space on their own property.

The judge found that the essential prerequisites to a prescriptive easement — open, uninterrupted, and adverse use for a period of not less than twenty years — had been established. See *Tucker* v. *Poch,* 321 Mass. 321, 323 (1947); *Mastandrea* v. *Baressi,* 2 Mass. App. Ct. 54, 55 (1974). There is ample evidence to support this finding. See *Norton* v. *West,* 8 Mass. App. Ct. 348, 350 (1979).

Notwithstanding the defendants' failure to point to anything in the record which might show that the judge's findings are not warranted on the evidence, we address in summary fashion the specific contentions the defendants have put forth in an effort to persuade us that the judge's decision should be reversed.

(1) In support of the defendants' claim that the Stagmans' use was interrupted, the defendants point out that during the crucial twenty-year period "reality dictate[d]" circumstances which necessarily caused access to be blocked occasionally. The judge found that neither the owners of the Greenough Street premises nor anyone with their approval or on their behalf had taken any steps prior to 1980 to bar use of the premises for access to the Stagmans' residence. There was no

---

[4] The Stagmans had rented a second parking space for their tenant.

finding, or evidence to the effect, that the Stagmans' usual route was ever deliberately obstructed. See *Ryan* v. *Stavros,* 348 Mass. 251, 263-264 (1964). See also *Ivons-Nispel, Inc.* v. *Lowe,* 347 Mass. 760, 763 (1964). "[T]emporary intrusion or occasional trespass by a stranger does not interrupt the running of the statute in behalf of an adverse occupant." *Dorntee* v. *Lyons,* 224 Mass. 256, 260 (1916). We are in agreement with the trial judge that the servient owners "did not 'effectively block the easement.'" *Brown* v. *Sneider,* 9 Mass. App. Ct. 329, 332 (1980), quoting from *Ryan* v. *Stavros,* 348 Mass. at 264.

(2) Nor does the defendants' assertion that the Stagmans drove over the route (during the earlier part of the period) only on weekends "require a finding that the adverse use of the way was not continuous." *Mahoney* v. *Heebner,* 343 Mass. 770 (1961). See *Kershaw* v. *Zecchini,* 342 Mass. 318, 321 (1961). To the contrary, the judge specifically found on adequate evidence that "a pattern of regular return by car for the weekends was established." In light of that finding a determination of continuous use is warranted.

(3) The fact that the Stagmans rented two parking spaces in the defendants' parking area from 1971 to 1980 is unavailing for the reason, if no other, that the judge found that by 1971 the plaintiffs "had acquired a prescriptive right to use of the passageway." The judge made the correlative finding that there has been no showing that the Stagmans intended "to surrender the prescriptive right of access." See *Parlante* v. *Brooks,* 363 Mass. 879, 880 (1973) (mere nonuse does not itself constitute abandonment). Both findings have ample support in the evidence.

(4) As to the defendants' contention that the plaintiff's claim must fail because the route across the defendants' land varied, we need say only that we have no basis for disagreeing with the judge that "the evidence proves otherwise."

(5) Likewise, we agree with the judge that the Stagmans' paving their property and a portion of the route in question did not constitute a trespass. It is settled law (see, e.g., *Guillet* v. *Livernois,* 297 Mass. 337, 340 [1937], and cases cited) that the owners of the dominant tenement have a right reasonably to

improve the surface of the way over which they have the right
to pass.

(6) As to the defendants' claim that laches bars the plaintiff's
action, we think the judge was warranted in finding that there
was "nothing in the evidence to show unreasonable delay in
commencing this action which caused substantial prejudice to
the defendants." See *Mastandrea* v. *Baressi,* 2 Mass. App.
Ct. at 57.

*Judgment affirmed.*