WILLIAM HERBITS *vs.* HIGH-SPEED PROCESS PRINTING CORPORATION & others.  February 2, 1971.  This matter is before us on appeals by the defendants from an interlocutory decree confirming a master's report and a final decree based thereon.  In essence, the plaintiff in a bill in equity, as twice amended, alleged that as a stockholder of the defendant High-Speed Process Printing Corporation he was aggrieved by various fraudulent transfers of corporate property in which the individual defendants indulged and by their improper issue of further capital stock in order to dilute his holding.  The master filed a lengthy, careful and comprehensive report.  Although a request was made by the defendants for a summary of the evidence, the master, under Rule 90 of the Superior Court (1954), declined to make one since he was not furnished by the defendants "with a transcript of so much of the evidence taken by the stenographer" as was material to determine whether the evidence was sufficient in law to support his findings of fact.  This action was proper since we can find no error in the master's construction of the objections filed by the defendants as raising questions of the sufficiency of the evidence rather than questions of law dependent on unreported evidence.  Since we do not have the evidence before us, the master's ultimate findings are binding on us "unless the subsidiary facts stated are sufficient in themselves to demonstrate that the ultimate findings could not be justified upon any evidence that the master might have received."  *Dodge* v. *Anna Jaques Hosp.* 301 Mass. 431, 435.  *Madigan* v. *McCann*, 346 Mass. 62, 64.  A review of the master's report indicates no reason to feel that his ultimate findings were not fully supported by the evidence he heard.  The judge confirmed the report and entered an elaborate decree reflecting and implementing the findings of the master.  The decree did not go beyond his powers in equity to render complete and effective relief.  *Nigro* v. *Conti*, 319 Mass. 480, 484.  *Laine* v. *Aarnio*, 265 Mass. 374, 377.  There was no error in the orders and decrees filed in conjunction with the receivership proceedings which were brought on the petition of the plaintiff in order to implement the judge's final decree.

*Interlocutory decrees affirmed.*
*Final decrees affirmed with costs of appeal*
*to the plaintiff.*

*Irving Marmer* for the defendants.
*John J. Sullivan* for the plaintiff.