IRA A. RIX & another *vs.* LOWELL GAS COMPANY. November 8, 1973. In this tort action for personal injury and property damage resulting from an explosion in the plaintiffs' home, the jury found for the plaintiffs. The defendant argues that its motion to strike the auditor's conclusions and

findings for the plaintiffs should have been allowed on the ground that those conclusions and findings were not supported by express subsidiary findings as required by Rule 86 of the Superior Court (as amended effective December 1, 1964). Although the auditor failed to state in so many words that the explosion was of gas, no other interpretation is possible in the light of his other subsidiary findings. The auditor made findings to the effect that the liquid propane gas storage tank and the distribution system were in the exclusive care, custody and control of the defendant, that there were gas leaks, that in spite of complaints the defendant failed to investigate, that "the explosion was a vapor type explosion characteristic of the explosion of liquefied petroleum gas," and that the explosion was the result of the negligence of the defendant in the maintenance, care, custody and control of the gas tank and distribution system. Any vagueness or lack of certainty as to the subsidiary findings might have been cured on a motion to recommit (*Rankin* v. *New York, N.H. & H. R.R.* 338 Mass. 178, 188 [1958]), which could also have preserved objections to the specific subsidiary findings, such as that of exclusive control of the distribution system. There was no error in the trial judge's refusal to treat those deficiencies as grounds for depriving the plaintiffs of the entire benefit of the auditor's findings in their behalf by allowing the motion to strike. The defendant's other allegations of deficiencies in the subsidiary findings are without merit. The exception to the denial of the defendant's motion for a directed verdict is predicated on the striking of the auditor's findings and does not require separate consideration.

*Exceptions overruled.*
*Jeffrey Swope (Acheson H. Callaghan, Jr., & Paul J. Dolan* with him) for the defendant.
*John E. LeComte (Frank T. Barber, III,* with him) for the plaintiffs.