BBF GROUP, INC. *vs.* KONTROLS, INC. & another.[1] April 11, 1975. The defendants have appealed from a final judgment entered in the Superior Court after modification and confirmation of a master's report. 1. They first argue that, as the plaintiff's bill of complaint was based entirely on misappropriation of trade secrets, the plaintiff's stipulation before the master that it made no claim that it possessed such secrets left nothing to be decided. The argument has no merit, as the complaint also averred (in accordance with a provision of the contract between the plaintiff and Laczko) that Laczko was bound to turn over to the plaintiff the title to, and all supporting documents concerning, any developments or improvements (on certain plastic molding devices) which Laczko developed or reduced to practice while employed by the plaintiff. The master found that Laczko had developed certain improvements while in the plaintiff's employ, that during that time he had also organized the defendant Kontrols, Inc., and that he had marketed the improvements through that corporation after leaving the plaintiff's employ. No argument has been advanced that the contract should not have been enforced as written, and it appears that the judgment entered was based on that provision of the contract. See Corbin, Contracts, § 1394A (1962). Similar results have been reached in the absence of an express provision in an employment contract. *Hoyt* v. *Corporon,* 268 Mass. 544, 548 (1929). *National Development Co.* v. *Gray,* 316 Mass. 240, 247 (1944). Contrast *Jamesbury Corp.* v. *Worcester Valve Co. Inc.* 443 F. 2d 205, 213-214 (1st Cir. 1971). 2. The defendants further argue that the judge erred in striking two of the master's ultimate findings, which were based on subsidiary facts found by the master. There was no error. Those findings were inconsistent with the subsidiary facts found. *Kasper* v. *H. P. Hood & Sons, Inc.* 291 Mass. 24, 27 (1935). Compare *Herbits* v. *High-Speed Process Printing Corp.* 358 Mass. 817 (1971). As a result, it was the duty of the judge to ignore those findings and to draw his own conclusions from the subsidiary facts. *Corrigan* v. *O'Brien,* 353 Mass. 341, 345-346 (1967). *Peters* v. *Wallach,* 366 Mass. 622, 626 (1975). *Wormstead* v. *Town Manager of Saugus,* 366 Mass. 659, 660 (1975). The court was also bound to ignore the rulings of law made by the master in the two disputed ultimate findings. *O'Brien* v. *Dwight,* 363 Mass. 256, 281-282 (1973). We treat as waived the two remaining issues, as no proper argument was made in their support. *J. L. Vaughan Heating & Engr. Co. Inc.* v. *Cantor, ante,* 709 (1975).

*Judgment affirmed.*

*John F. W. McCaig* for the defendants.
*Allan van Gestel (Francis W. Dubreuil* with him) for the plaintiff.