RUTH M. BILLS *vs.* BIAGIO NUNNO.

Norfolk.     November 12, 1975. — April 30, 1976.

Present: HALE, C.J., GOODMAN, & ARMSTRONG, JJ.

*Practice, Civil,* Master: findings, objections to report, Confirmation of report.  *Adverse Possession and Prescription.*

Discussion of circumstances under which a master's general finding may be struck. [281-284]

In an action by a plaintiff claiming an easement by prescriptive right, a master's subsidiary findings that the plaintiff did not have exclusive use of the way, that she did not know who owned the way, and that other people using the way neither requested nor received permission from either the plaintiff or the defendant to use the way did not support his general finding that the plaintiff's use of the way had not been adverse or under claim of right. [284-285]

BILL IN EQUITY filed in the Superior Court on April 19, 1973.

The case was heard by *Brogna,* J., on a master's report.

*John T. Gaffney (John T. Donoghue* with him) for the defendant.

*Francis E. Jenney* for the plaintiff.

ARMSTRONG, J.    The plaintiff's amended bill claimed an easement by prescriptive right in a way in Needham known as Upland Terrace, along which are located both her lot and the defendant's. The defendant appeals from a judgment which enjoined him from interfering with the plaintiff's passage over the way and ordered him to remove a fence he had run laterally down the center of the way along the boundary of his fee.

The case was referred to a master, whose findings to the effect that the plaintiff or her tenants had used the way for a period longer than twenty years were treated by the Superior Court as establishing that the plaintiff's use of the way was open and uninterrupted for the requisite period. No contention to the contrary is made in this court. See Mass.R.A.P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Rather, the defendant's argument is that the master's report established that the plaintiff's use was not adverse, or under claim of right — the only additional element necessary to enable the plaintiff to acquire an easement or right of passage by prescription. *Tucker* v. *Poch,* 321 Mass. 321, 323-324 (1947). *Mastandrea* v. *Baressi,* 2 Mass. App. Ct. 54, 56-57 (1974).

The master specifically found that the plaintiff's use of the way had not been adverse or under claim of right, but the plaintiff's objection to that finding was sustained by the Superior Court. The principal question before us is whether the plaintiff's objection was properly sustained. The plaintiff contends that the trial judge was correct because the finding was general, or ultimate, in nature; that it was not supported by subsidiary findings, but was inconsistent with various subsidiary findings and based on an erroneous view of the law.

Apart from the master's general finding that the plaintiff's use was not under claim of right and adverse to the

defendant, subsidiary findings establishing that her use was open and uninterrupted for the requisite period would raise a presumption to the contrary of the general finding. *Truc* v. *Field,* 269 Mass. 524, 528-529 (1930), and cases cited. *Tucker* v. *Poch, supra,* at 324. *American Oil Co.* v. *Alexanderian,* 338 Mass. 112, 115 (1958). Adverseness would be a required inference of fact unless other findings showed (here they do not) that the plaintiff's "use of the way 'was under some license, indulgence or special contract inconsistent with a claim of right' by [her]." *Tucker* v. *Poch, supra,* quoting from *White* v. *Chapin,* 12 Allen 516, 519-520 (1866). If the plaintiff's objection to the master's general finding of lack of adverseness was not properly sustained, however, that finding would be conclusive against the plaintiff's claim of an easement in the way by prescription. *Bartlett* v. *Roosevelt, Inc.* 258 Mass. 494, 497 (1927). See *Tucker* v. *Poch,* 321 Mass. at 324, and *Flynn* v. *Korsack,* 343 Mass. 15, 19 (1961).

A general finding may not be struck from a master's report, or be otherwise disregarded (see *Cook* v. *Scheffreen,* 215 Mass. 444, 448-449 [1913]), for the sole reason that the master has failed to recite the subsidiary findings on which he based the general finding. Except in the instance, rare in our practice, where the evidence is reported (see *Michelson* v. *Aronson, ante,* 182, 185-186 [1976]), a general finding, the basis for which does not appear, is binding and conclusive on the parties and the court unless it is inconsistent with the subsidiary facts found. *MacLeod* v. *Davis,* 290 Mass. 335, 338-339 (1935). *Dodge* v. *Anna Jaques Hosp.* 301 Mass. 431, 435-436 (1938). *New England Factors, Inc.* v. *Genstil,* 332 Mass. 36, 41 (1947). *Cantor* v. *Cantor,* 325 Mass. 719, 721-722 (1950). *Fauci* v. *Denehy,* 332 Mass. 691, 697 (1955). *Fryefield* v. *Boston Diaper Service, Inc.* 338 Mass. 401, 405 (1959). *Madigan* v. *McCann,* 346 Mass. 62, 64 (1963). *Ryan* v. *Stavros,* 348 Mass. 251, 260-261 (1964). *Herbits* v. *High-Speed Process Printing Corp.* 358 Mass. 817 (1971). *Coyne Industrial Laundry of Schenectady, Inc.* v. *Gould,* 359 Mass. 269, 276 (1971). The reason for this rule is that

a court is not entitled to assume that a general finding is
without basis simply because the basis has not been stated.

It is, of course, the duty of a master to report the sub-
sidiary findings upon which his general findings are based.
Although that duty was made explicit in the standard
orders of reference prescribed by the 1954 and 1974 rules,[1]
such was implicitly the duty of a master even under the
earlier rules.[2] *Dodge* v. *Anna Jaques Hosp.* 301 Mass. at
436. *Minot* v. *Minot,* 319 Mass. 253, 258 (1946). *New Eng-
land Factors, Inc.* v. *Genstil,* 322 Mass. at 43. *Turgeon* v.
*Turgeon,* 326 Mass. 384, 386 (1950). Contrast *Prudential
Trust Co.* v. *McCarter,* 271 Mass. 132, 139 (1930). Because
a failure by the master to comply with that duty does not
by itself preclude the possibility that the general finding
may be firmly grounded in facts established by the evi-
dence before the master but not reported by him, it follows
that an objection to, or motion to strike, the general find-
ing does not lie. Unlike a case where the general finding
is inconsistent with the stated subsidiary findings or is
otherwise shown on the face of the master's report to be
erroneous, if the sole basis for relief is that the underlying
subsidiary facts are not recited, the remedy of a party
aggrieved by the general finding is to move for recom-
mittal.[3] *Dodge* v. *Anna Jaques Hosp.* 301 Mass. at 436,

---

[1] Rule 86 of the Superior Court (1954) and Rule 49, § 2, of the Su-
perior Court (1974).

[2] It should be noted, however, that since the change in the order of
reference in 1954, whether because masters have been more conscien-
tious in stating fully their subsidiary findings, or because courts have
been more disposed to infer in doubtful cases that general findings are
merely conclusions from stated subsidiary findings, or both, appellate
decisions which turn on the binding effect of general findings in ac-
cordance with the principle of *Dodge* v. *Anna Jaques Hosp.* have be-
come less frequent, and decisions which turn on the principle that a
general finding which is merely a conclusion from stated subsidiary
findings does not have binding effect (the principle applied in *O'Brien*
v. *Dwight,* stated in the text, *infra*) have become more frequent.

[3] A practical problem which frequently arises is uncertainty whether
a finding is subsidiary or general (see, e.g., *Wormstead* v. *Town Man-
ager of Saugus,* 366 Mass. 659, 662, fn. 3 [1975]), or, if the latter,
whether it is based exclusively on stated subsidiary findings. It is often

Bills *v.* Nunno.

and cases cited. *Carroll* v. *Hinchley,* 316 Mass. 724, 728 (1944). *Sheppard Envelope Co.* v. *Arcade Malleable Iron Co.* 335 Mass. 180, 184 (1956). *John P. Condon Corp.* v. *State Line Contractors, Inc.* 353 Mass. 137, 139 (1967). *Rix* v. *Lowell Gas Co.* 1 Mass. App. Ct. 854 (1973). See also *Lattuca* v. *Cusolito,* 343 Mass. 747, 753 (1962). Where it is clear that such a finding is general or ultimate in nature and that the subsidiary facts underlying it should have been expressly recited, a motion to recommit for that purpose should be allowed.

If, however, a master's report discloses (as it should) the basis for a general finding and it is apparent thereby that the general finding is erroneous, a party aggrieved by the general finding is entitled to have his objection to the general finding sustained, or to have the general finding struck from the report. *United States Fid. & Guar. Co.* v. *English Constr. Co.* 303 Mass. 105, 111-112 (1939). An instance is where a " 'report shows upon its face all the subsidiary facts which the master . . . had in mind and upon which he based his . . . [general findings]' ", in which case " 'we are in no way bound by . . . [his general findings], and we must take these subsidiary findings together with the inferences that ought to be drawn from them and reach our own conclusion.' *Murray* v. *Bateman,* 315

---

necessary for a party aggrieved by such a finding, in order to protect his rights, to treat the finding as if it were subsidiary and to file a preliminary objection to it as unwarranted on the evidence with a written request for a brief, accurate and fair summary of the evidence underlying it. See Rule 49, § 7, of the Superior Court (1974) and its predecessor, Rule 90 of the Superior Court (1954). That course, not open as of right to parties who (as in this case) have neglected to secure the appointment of a reporter to take the testimony (see Rule 49, § 7, of the Superior Court [1974] and G. L. c. 221, § 91C, as appearing in St. 1967, c. 138), would clarify the basis of the finding and either lay a foundation for a motion to recommit for the purpose of having additional subsidiary findings made or make an absence of evidentiary support for the finding apparent. The burden is on the objecting party to make any error by the master appear on the face of the report. *Minot* v. *Minot,* 319 Mass. 253, 258 (1946). *H. Piken & Co. Inc.* v. *Planet Constr. Corp.* 3 Mass. App. Ct. 246, 248-249 (1975). Otherwise, relief in the Superior Court will generally be discretionary, and appellate relief will generally be unavailable. See *Michelson* v. *Aronson, ante,* at 189-190.

Bills *v.* Nunno.

Mass. 113, 117 [1943]. *McOuatt* v. *McOuatt*, 320 Mass. 410, 411 [1946]. *Samia* v. *Central Oil Co. of Worcester*, 339 Mass. 101, 122 [1959]. *Corrigan* v. *O'Brien*, 353 Mass. 341, 346 [1967]. *LiDonni, Inc.* v. *Hart*, 355 Mass. 580, 583 [1969]. *International Tel. & Tel. Corp.* v. *Hartford Acc. & Indem. Co.* 357 Mass. 282, 287 [1970]." *O'Brien* v. *Dwight*, 363 Mass. 256, 281-282 (1973).

We are of the opinion that the master's general finding of lack of adverseness or claim of right in the present case falls into the latter category. The master's general finding appears on the face of the report to be a conclusion drawn from subsidiary findings to the effect that the plaintiff "did not know the identity of the owner of said Upland Terrace", that she did not "know the true dimensions of said terrace", that she "did not know the exact locations of the boundaries of ... [the defendant's] ownership", and (perhaps) that she "did not have exclusive use of Upland Terrace" as "many other people in the area used Upland Terrace for varying periods of time and ... none of said people using Upland Terrace requested nor received permission from the plaintiff or the defendant to use said Upland Terrace."

The finding of lack of exclusivity does not preclude the acquisition of an easement by prescription. *Labounty* v. *Vickers*, 352 Mass. 337, 349 (1967). Nor is it relevant that the plaintiff did not know who owned the way. "Adverseness" is found in the actual use made of the way by the claimant of the easement: the claimant's uncommunicated mental state is immaterial. *Flynn* v. *Korsack*, 343 Mass. at 18-19. One's use of another person's property is adverse to that person if the manner of his use and the circumstances thereof demonstrate that he does not recognize or consider himself to be subject to an authority in that person to prevent his use of the property. Restatement: Property, § 458, comments c and d (1944). The ambiguous finding to the effect that the defendant's permission was not sought tends to support the presumption of adverseness, even if it falls short of being (as the plaintiff contends) positively inconsistent with the general finding

to the contrary. We conclude that the Superior Court properly allowed the plaintiff's objections to the general finding.

The defendant further contends that the judge acted improperly in confirming the report on the basis of the defendant's motion, which was predicated on the report as filed, and was not intended to be the vehicle for confirmation of the report as modified by allowance of the plaintiff's objections to the report. The contention is without merit, because the court could confirm the report on its own motion, and was not dependent on the filing by a party of a motion for confirmation. Compare *Gil-Bern Constr. Corp.* v. *Medford,* 357 Mass. 620, 620-621 (1970). See also *Minot* v. *Minot,* 319 Mass. 253, 257-258 (1946).

The defendant's contentions respecting his motion to vacate the judgment, to the extent not completely disposed of by what has been said heretofore, are not argued and must be treated as waived. Mass.R.A.P. 16(a) (4), as amended.

*Judgment affirmed.*