FRANK A. SESSA *vs.* TOWN OF STOCKBRIDGE. January 24, 1979. This appeal is governed by *Bills* v. *Nunno,* 4 Mass. App. Ct. 279, 282 & n.3 (1976). See also *MacLeod* v. *Davis,* 290 Mass. 335, 337-339 (1935); *Minot* v. *Minot,* 319 Mass. 253, 257-261 (1946). This is not a case where the subsidiary facts found by the master are inconsistent with his general finding. See *Dodge* v. *Anna Jaques Hosp.,* 301 Mass. 431, 435-436 (1938); *Sprague* v. *Rust Master Chem. Corp.,* 320 Mass. 668, 675 (1947). Nor is this a case where the challenged general finding is otherwise shown on the face of the report to be erroneous or unsound in law. See *Kasper* v. *H. P. Hood & Sons,* 291 Mass. 24, 25 (1935). The defendant's reliance on *Corrigan* v. *O'Brien,* 353 Mass. 341, 346 (1967), is misplaced, as it has not been made to appear (see *Minot* v. *Minot, supra* at 258) that the master's "report shows upon its face all the subsidiary facts which the master . . . had in mind and upon which he based his . . . [general findings]." *O'Brien* v. *Dwight,* 363 Mass. 256, 281 (1973). *Bills* v. *Nunno, supra* at 283. There was thus no basis for the judge's impliedly striking the general finding from the master's report, and in the face of that general finding judgment could not enter for the defendant on the report. The case is not ripe for entry of judgment for the plaintiff because it is clear that the judge did not intend to adopt the report in its entirety, and the case is therefore still in the posture

that the master's report has been filed but not adopted. Accordingly, we reverse the judgment and remand the case to the trial court for further proceedings in conformity herewith.

*So ordered.*

*Ralph Cianflone, Jr.,* for the plaintiff.
*Ronald E. Oliveira* for the defendant.