ERNEST B. MILLER vs. WALTER A. WINSHALL.

Essex. December 13, 1979. — February 29, 1980.

Present: ARMSTRONG, DREBEN, & KASS, JJ.

Practice, Civil, Master: report of evidence, findings. Contract, Employment, Sale of stock.

A judge in a nonjury case did not abuse his discretion in refusing to modify an order of reference to a master so as to require the master to file with his report a transcript of the evidence and of the proceedings. [313-314]

Discussion of the procedure to be followed, pursuant to Mass. R. Civ. P. 53 and Rule 49(7) of the Superior Court, as amended (1976), by a party desiring to bring to a judge's attention evidence regarding a master's findings of fact in a nonjury case. [314-317]

A judge in a nonjury case did not abuse his discretion in refusing to order a master to file a fair summary of the evidence where the objecting party failed to couple his objections to the master's findings with a motion to recommit and failed to make a sufficiently specific request for a summary. [315-316]

In an action on a written stock purchase option which entitled the defendant to purchase the plaintiff's stock in a corporation, of which the plaintiff was president, at one of two alternative prices, a relatively low price if the plaintiff left the employ of the corporation voluntarily and a relatively high price if termination was involuntary, there was sufficient evidence to warrant findings that the plaintiff was discharged and that the defendant was personally liable under the option agreement and was not merely an agent for other stockholders. [317-318]

BILL IN EQUITY filed in the Superior Court on March 4, 1974.

The case was heard by Adams, J., on a master's report.

Bernard J. Bonn, III, for the defendant.

Garfield R. Morgan, for the plaintiff.

KASS, J. Most of the issues which the defendant urges on appeal stem from the trial judge's correct refusal to order a

report of the evidence transcribed at the hearing before a master in a nonjury action, or to order the master to file a fair summary of that evidence. In *Michelson* v. *Aronson,* 4 Mass. App. Ct. 182 (1976), and *Bills* v. *Nunno,* 4 Mass. App. Ct. 279 (1976), we discussed extensively the methods by which a litigant may secure judicial review of a master's findings,[1] and there is no occasion to rehearse what we said in those decisions. After those cases were decided, however, the Superior Court adopted a change in rule 49(7) (1976) which bears on the procedure to be followed by a party desiring to bring to a judge's attention evidence regarding the master's findings of fact in a nonjury case, and we take the occasion to review that process, as affected by the rule change.

The complaint alleged a written stock purchase option which entitled the defendant to purchase the plaintiff's stock in a corporation (of which the plaintiff was president) at the higher of alternative prices set forth in the option agreement. The variable was whether the plaintiff left the employ of the corporation voluntarily, in which case the price was $4,090.62, or involuntarily, in which case the price was $30,985.28. It was the defendant's position that the plaintiff quit; the plaintiff said he was fired. The master made a general finding that the plaintiff was discharged and, therefore, the defendant having exercised his option to buy the plaintiff's stock, the former was obliged to pay the higher price. Also resolved in the plaintiff's favor was whether the defendant was personally liable under the option agreement or had the status of an agent for other stockholders not joined as defendants in the action.

As is usual, the order of reference provided that the master was not to file with his report a transcript of the evidence and of the proceedings. To have required that the evidence be reported would have defeated a principal objective of referring a case to a master: delegation of the fact-

---

[1] For a road map to proceedings before masters, see Greaney, Trials Before Masters: A Procedural and Substantive Primer for the Practicing Lawyer, 63 Mass.L.Rev. 195 (Oct. 1978).

finding function. *Shelburne Shirt Co., Inc.* v. *Singer,* 322 Mass. 262, 265 (1948). *Peters* v. *Wallach,* 366 Mass. 622, 626 (1975). *Covich* v. *Chambers,* 8 Mass. App. Ct. 740, 741-742 (1979). *Dynamics Research Corp.* v. *Analytic Sciences Corp., ante* 254, 259 (1980). Prior to the commencement of the trial before the master the defendant moved for an order "requiring a transcript at the Master's Hearing," which was allowed by a motion judge. This left the master in doubt whether the allowance of the motion constituted a modification of the original order of reference. To resolve that doubt the defendant, after commencement of the trial before the master, moved to modify the order of reference so as to require the master to file with his report a transcript of the evidence and of the proceedings. That motion was denied, and the denial was not only within the sound discretion of the judge, *Shaw* v. *United Cape Cod Cranberry Co.,* 332 Mass. 675, 679-680 (1955), but also was consistent with the policy previously adverted to that the reporting of the evidence before a master is disfavored. It was open to the defendant to arrange to have a transcript prepared and the stenographer approved and sworn by the master. This was done and, indeed, was necessary in order to lay the foundation for a challenge that the evidence did not support the master's findings. Superior Court Rule 49(7) fourth paragraph (1976). See *Anderson* v. *Blanch,* 340 Mass. 43, 49 (1959). Cf. *Bills* v. *Nunno,* 4 Mass. App. Ct. 279, 282-283 n.3 (1976).

After the filing of the master's report, which was adverse to him, the defendant filed objections to the report and made a general request of the master to file a fair summary of the evidence. The master declined to append a summary of the evidence to his report and the defendant moved that the court order the master so to do. The motion was denied. There was no error on the part of the judge.

The steps which the applicable rules, Mass.R.Civ.P. 53, as amended, 367 Mass. 917 (1975), and Superior Court Rule 49(7) (1976), require to bring to the attention of the Superior Court judge whether a subsidiary or ultimate finding of the master is supported by the evidence are these:

1. Within ten days after being served with notice of the filing of the master's report a dissatisfied party must serve a written objection upon the other party, Mass.R.Civ.P. 53(e)(2), 365 Mass. 820 (1974), and upon the master, Superior Court Rule 49(7) (1976), clearly stating the grounds for each objection. The objections should also be filed in court, together with the motion described in the next step. This the defendant did, although, as will appear, the objections were too generalized to accomplish the purpose for which the defendant later sought to use them. "An objecting party has the duty of alerting the judge to those specific parts of the report he questions, because '[t]he report clearly [is] not objectionable as a whole . . . .'" *Covich* v. *Chambers*, 8 Mass. App. Ct. at 746.

2. Together with the objections, the dissatisfied party must file a motion with the court to strike the report in whole or in part (and if in part, specifically designating the parts quarreled with) or to recommit it. *Bills* v. *Nunno*, 4 Mass. App. Ct. at 282. This the defendant failed to do, and his challenge of the facts found in the report expired with that failure. The filing of objections is not a substitute for the motion to recommit or vice-versa. Both procedures must be followed. *Kass* v. *Todd*, 362 Mass. 169, 173 (1972). See generally Nolan, Civil Practice § 929 (1975).

3. To the extent that all or a part of the objections are that the evidence does not support the master's findings, the objecting party must request the master to summarize the pertinent evidence on which the master relied. This request must be specific and should preferably refer the master, by line and page reference, to those portions of the transcript (and to exhibits by number) which the objecting party wants examined, since Superior Court Rule 49(7) (1976) requires that the response of the master to a request for summary of the evidence be thus particularized. Reference to an exhibit should include a designation to the

pertinent part. In the case at bar that was not done. Although the defendant's request for a fair summary of the evidence made an attempt at specificity by a reference "to each objection raised by Defendant Winshall in his Objections to Master's Report," only three of twenty-six refer to specific evidence; none of the remaining twenty-three objections made reference to the testimony of any person or to any particular exhibit which the defendant desired to be summarized. To say merely that a finding is contrary to the evidence is not sufficient. *H. Piken & Co.* v. *Planet Constr. Corp.*, 3 Mass. App. Ct. 246, 248 (1975), and cases there cited. Had the defendant coupled his objections with a motion to recommit the master's report and a sufficiently specific request for a fair summary of the evidence, the master would have been duty bound to prepare such a summary.[2] Had the master declined so to do on the grounds that the subsidiary findings in his report were "so far particularized and so closely follow the evidence which the master believed as in themselves to constitute a summary of [the] evidence," this would satisfy the requirements of Superior Court Rule 49(7), although it is not the preferred practice. *Morin* v. *Clark*, 296 Mass. 479, 481-482 (1937), construing a predecessor of Rule 49(7), Rule 90 of the Superior Court (1932). At that juncture it would have been open to the defendant to move that the court order the master to summarize the evidence, but such a motion would have to have been accompanied by an affidavit of the defendant's counsel setting forth a summary of the evidence as the defendant thinks the master ought to have prepared it, relating each portion of summary to the finding it purportedly contradicts. *Epstein* v.

---

[2] If the evidence has not been taken by a stenographer selected or approved by the master, the master shall not, unless specifically ordered by the court to do so, make a summary of the evidence for purposes of raising a question whether the evidence was sufficient in law to support a finding of fact. Superior Court Rule 49(7) (1976).

*Epstein,* 287 Mass. 248, 254 (1934). Nolan, *supra* § 929. Where a transcript is available because, as here, a stenographer has been approved and sworn by the master, the appropriate practice would be to make a narrative summary of the evidence accompanied by references to the page and line of the transcript and to the exhibits to which the objecting party desires to call the attention of the judge.

In the case at bar, the pleadings and documents attached to the pleadings, taken with findings of fact not disputed by the parties, are sufficient on the record to dispose of the case adversely to the defendant, even had he not made the procedural missteps which we have recounted. It is apparent from the option agreement attached to the complaint that while, upon exercise of its option, Winshall had an obligation to offer stock thus acquired to certain other stockholders, those others had no obligation to buy their proportionate shares, and the defendant would keep whatever stock was not picked up from the offering. There is nothing to the defendant's position, therefore, that his liability on the purchase agreement was limited by his status as an agent. Moreover, the defendant entered into a stipulation filed in court prior to trial which provided, among other things, that, "the final determination of the amount due for the exercise of this option shall be made by the Court in this litigation, and *Respondent Winshall shall be liable for such option amount*" (emphasis supplied). The defendant is bound by his stipulation.

There is no dispute that the plaintiff was employed, pursuant to a written agreement, as president and chief executive officer of the corporation; that he was removed from this office at a board of directors meeting at which another person was elected president; that the plaintiff was offered "continuing employment" in a subsidiary position at no change in salary; and that, thereupon, the plaintiff resigned. These facts entitled the master to make the mixed fact and

law general finding that the plaintiff's discharge as president "accomplished effectively the termination of Miller's employment by the Corporation." If an employee, especially an executive employee, is engaged to fill a particular position, any material reduction in rank constitutes a breach of the employment agreement and is tantamount to a discharge, unless the employment contract, by its terms, contemplates a change in the rank and nature of the job. No such reservation appeared in the employment contract in question. *Steranko* v. *Inforex, Inc.*, 5 Mass. App. Ct. 253, 263 (1977), applying the law of New York. See also *Rudman* v. *Cowles Communications, Inc.*, 30 N.Y.2d 1, 10 (1972); 4 Corbin, Contracts § 958 (1951); Annot., Reduction in Rank or Authority or Change of Duties as Breach of Employment Contract, 63 A.L.R.3d 539 (1975). Compare *Molinar* v. *Western Elec. Co.*, 525 F.2d 521, 528 (1st Cir. 1975), cert. denied, 424 U.S. 978 (1976).

*Judgment affirmed.*