RIVERVIEW HOMES, INC. *vs.* TED C. CASE & another (and a companion case). March 19, 1981. In these actions consolidated at trial, a master found for Ted C. and Mary Lou Case on claims of fraud, breach of contract, consumer protection violations (G. L. c. 93A, § 2), intentional infliction of mental distress, and loss of consortium. The master also found that the Cases were entitled to attorneys' fees under G. L. c. 93A, § 9(4).

Objections to some of the master's subsidiary findings filed by Riverview and by its principal, one Whoriskey, were overruled, and the Cases' motion to adopt the master's report was allowed. Riverview and Whoriskey appeal from the ensuing judgments. We affirm the judgments.

The master's subsidiary findings "are binding upon us unless they are clearly erroneous, mutually inconsistent, contradictory or vitiated in view of the controlling law." *John F. Miller Co.* v. *George Fichera Constr. Corp.*, 7 Mass. App. Ct. 494, 495 (1979), and cases cited. See Mass.R. Civ.P. 53(e)(2), 365 Mass. 820 (1974).

The appeals brought by Riverview and Whoriskey suffer from a multitude of procedural missteps. It would not serve to enhance the already abundant body of our jurisprudence relating to practice before masters, see, e.g., *Miller* v. *Winshall,* 9 Mass. App. Ct. 312, 313 n.1 (1980), to enumerate all of them. It is sufficient for our purposes to state merely those aspects of the proceedings below which fatally impede any reversal of the judgments of the Superior Court.

Many of the appellants' objections are based on evidence which has not been reported or summarized by the master. "Objections based on unreported evidence or not appearing on the record are valueless." Greaney, Trials Before Masters: A Procedural and Substantive Primer for the Practicing Lawyer, 63 Mass.L.Rev. 195, 206 (1978). The appellants "may not now raise objections to matters not apparent on the face of the report." *Michelson* v. *Aronson,* 4 Mass. App. Ct. 182, 190 (1976). Nor can they claim prejudice from the absence of summaries of the evidence in the record, as they failed to comply with Superior Court Rule 49(7), as amended, effective May 8, 1976. See *Miller* v. *Winshall, supra* at 314-315. Compare *Glynn* v. *Gloucester,* 9 Mass. App. Ct. 454, 456 (1980). In sum, the appellants failed to accomplish what was necessary to obtain summaries from the master, nor did they prepare their own summaries for presentation before the Superior Court and this court. Compare *Covich* v. *Chambers,* 8 Mass. App. Ct. 740, 742 (1979).

The other challenges to the master's report are equally unavailing. In addition to suffering from the above mentioned defects, they fall victim to the rule that a report will not be overturned for "'failure[s] of the [m]aster to find' certain facts which might have been helpful to the [appellants]." *Lowell Bank & Trust Co.* v. *D'Annolfo Constr. Co.*, 6 Mass. App. Ct. 825 (1978). Our test is whether the findings are "clearly erroneous," Mass.R.Civ.P. 53(e)(2), and absent "such a showing, findings made by a

master on oral testimony and confirmed by the judge are not to be reversed." *Peters* v. *Wallach*, 366 Mass. 622, 626 (1975).

We thus conclude on the record as it appears before us that the master's subsidiary findings, which rest in large part on questions of credibility, are neither inconsistent nor clearly erroneous and warrant the ultimate conclusions reached by him. As it has not been made to appear that any of those conclusions is vitiated in view of the controlling law, we affirm the judgments.

*So ordered.*

The case was submitted on briefs.
*Michael S. Gardener* for Ted C. Case & another.
*Edward L. Reservitz* for Riverview Homes, Inc., & another.