JOSEPH SULLIVAN & others *vs.* LOUIS J. RICCI. April 8, 1981. The plaintiffs contributed various amounts of money to their floundering real estate venture, and the defendant was to act as a second mortgagee and to assign the mortgage and the mortgage note to them upon demand. They allege that the evidence before the master showed that they were prevented from completing a sale of the property to a prospective buyer because the defendant wrongfully refused to execute a mortgage assignment form. They claim that the defendant is liable to them for "any profit which would have accrued to the trust estate if there had been no breach of trust." Restatement (Second) of Trusts § 205(c) (1957).

The master's general finding that "[a]ny losses suffered by the plaintiffs were not occasioned by [the] defendant" was based upon his subsidiary findings to the effect that the sale did not take place because the plaintiffs could not agree among themselves to discharge the existing second mortgage on the property. As these findings are mutually consistent and legally correct (see *Eno* v. *Prime Mfg. Co.*, 314 Mass. 686, 702 [1943]; *White Spot Constr. Corp.* v. *Jet Spray Cooler, Inc.*, 344 Mass. 632, 635 [1962]; *Lenari* v. *Kingston,* 348 Mass. 355, 358-359 [1965]), they are binding and conclusive on the parties. *Bills* v. *Nunno,* 4 Mass. App. Ct. 279, 281 (1976). The master's order of reference provided that the evidence was not to be reported, and any attack on the evidentiary support for the master's findings which is not made in accordance with the procedures detailed in *Bills* v. *Nunno,* 4 Mass. App. Ct. at 282-283, and *Miller* v. *Winshall,* 9 Mass. App. Ct. 312, 315-316 (1980), cannot prevail on appeal.

*Judgment affirmed.*

*Richard P. Howe* (*Walter E. Chambers* with him) for the plaintiffs.
*Louis J. Ricci,* pro se, submitted a brief.