PACAMOR BEARINGS, INC. *vs.* DI-AN CONTROLS, INC.  June 5, 1981. The defendant, Di-An Controls, Inc., sought to challenge the master's findings of fact by claiming that they were against the weight of the evidence. Di-An, however, did not summarize the evidence it wished considered by making reasonable synopses of Di-An's view of the contents of the evidence it relied upon. Di-An's objections to the master's report did not contain such summaries, nor did its motion requesting the court to order the master to make fair summaries of the evidence. The sporadic references in Di-An's objections to the stenographic record of the proceedings before the master do not constitute summaries. In its motion for summaries of the evidence, Di-An merely made reference to the objections it had filed. The correct procedure has been recently reviewed in *Miller* v. *Winshall*, 9 Mass. App. Ct. 312, 315-317 (1980), and *Glynn* v. *Gloucester*, 9 Mass. App. Ct. 454, 456 (1980). See generally *Michelson* v. *Aronson*, 4 Mass. App. Ct. 182, 189-190 (1976) (decided under an earlier version of Rule 49[7] of the Superior Court). Lacking proposed summaries of the evidence by Di-An which relate each portion of summary to the finding it purportedly contradicts, *Miller* v. *Winshall, supra* at 316, neither the Superior Court nor we can know where and how the defendant claims the master's report is awry. To have had all the evidence in the case summarized and reported would have defeated the purpose of the reference to a master. See *Shelburne Shirt Co.* v. *Singer*, 322 Mass. 262, 265 (1948); *H. Piken & Co.* v. *Planet Constr. Corp.*, 3 Mass. App. Ct. 246, 248 (1975); *Covich* v. *Chambers*, 8 Mass. App. Ct. 740, 741-742 (1979).

When the evidence is not reported or summarized, the master's findings of fact are conclusive unless "they are mutually inconsistent, contradictory, plainly wrong or vitiated in view of the controlling law." *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659, 660 (1975), quoting from *Selectmen of Hatfield* v. *Garvey*, 362 Mass. 821, 825 (1973). *Covich* v. *Chambers*, 8 Mass. App. Ct. at 743. None of those defects applies to the master's findings as to the commercial usage of "blanket purchase orders," the amount of the damages, or the computation of interest. The question of the applicable commercial usage was a matter of fact. G. L. c. 106, § 1-205(2). The master's computation of damages was consistent with G. L. c. 106, §§ 2-706(1), 2-709(1)(b), and 2-710. Interest was computed in accordance with G. L. c. 231, § 6C.

*Judgment affirmed.*

*Gerard A. Powers* for the defendant.
*Steven A. Remsberg* for the plaintiff.