RUTH C. LEWIS *vs*. RICHARD L. DESROSIERS. March 24, 1982. In this proceeding the plaintiff alleges that while she was recovering from a stroke the defendant fraudulently and with undue influence secured joint title to virtually all of her property and personal assets. The defendant appeals from a Probate Court judgment which "confirmed and adopted" a master's amended report, according to which the defendant was found liable to the plaintiff for damages and was ordered to reconvey to the plaintiff all of his interest in certain real estate previously owned by her alone. The defendant contends that (1) the master's findings of fact are mutually inconsistent, thus rendering invalid the master's conclusions of law, and (2) the master's findings are not supported by the evidence. In addition to the issues raised by these contentions, we are presented, as a preliminary matter, with procedural motions by the parties concerning whether a transcript of proceedings before the master should properly be included in the record on appeal.

1. The order of reference to the master, made pursuant to a form set out in Rule 20 of the Rules of the Probate Court (1959, as amended through July 31, 1978), provided that he hear the parties, examine the evidence, and "find the subsidiary facts on each issue tried and report them and his general findings based on such subsidiary findings," together with questions of law, to the court. Unlike the cognate provision, Rule 49(2) of the Rules of the Superior Court (1974, as amended through June 26, 1980), the Probate Court form of the order of reference does not state expressly whether the master should or should not report the evidence. At trial, the defendant filed a motion for modification of the order of reference to the master seeking direction to the master to report the evidence and file transcripts. That motion was denied by the court, and the transcripts were not a part of the record on which the trial judge based his decision. Nevertheless, the defendant has included the transcript in his appendix. Motions have been filed before single justices of this court by the plaintiff to strike the transcript from the record and by the defendant to include the transcript in the record. Each of these motions was referred to the panel of Justices assigned to hear this appeal.

In the Superior Court, a master sitting on a nonjury case is required to file a transcript of the proceedings and of the evidence along with his report only "when directed by the order of reference." Mass.R.Civ.P. 53 (e)(1), as amended, 367 Mass. 917 (1975). As this court noted in *Michelson* v. *Aronson*, 4 Mass. App. Ct. 182, 186 (1976), "[i]mplicit in that rule . . . is a continued recognition of the principle that absent an order that a master file a transcript with his report, such a transcript is not a part of the record on appeal." To require that a party is entitled as a matter of right to the inclusion of a transcript of the proceedings before the master in the record on appeal would defeat "a principal objective of referring a case to a master: delegation of the fact-finding function." *Miller* v. *Winshall*, 9 Mass. App. Ct. 312, 313-314 (1980). See *Shelburne Shirt Co.* v. *Singer*, 322 Mass. 262, 265 (1948); *Peters* v. *Wallach*, 366 Mass. 622, 626 (1975). Moreover, such a requirement "would also fly in the face of the more general proposition that an appellate court need not consider documents which were not made a part of the record on which the trial judge based his decision." *Michelson* v. *Aronson*, 4 Mass. App. Ct. at 187. See *Covich* v. *Chambers*, 8 Mass. App. Ct. 740, 742 (1979). The same reasoning and considerations of policy apply in the Probate Courts and, indeed, the same rules of procedure apply in equity proceedings in the Probate Courts. Mass.R.Civ.P. 1, as appearing in 379 Mass. 929 (1980). The mere fact that the form of the order of reference contained in Rule 20 of the Probate Court does not expressly negate reporting the evidence does not alter application of the settled principles. We, therefore, allow the plaintiff's motion to strike the transcript from the record and deny the defendant's motion to have the transcript included in the record.

2. Where a transcript of the evidence is not reported, both the trial judge and the appellate Justices are required to treat the master's findings of fact as binding unless they are clearly erroneous, mutually inconsistent, contradictory or vitiated in view of the controlling law. See Mass.R. Civ.P. 53(e)(2), 365 Mass. 820 (1974); *Selectmen of Hatfield* v. *Garvey*, 362 Mass. 821, 825 (1973); *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659, 660 (1975). However, we draw our own inferences and conclusions from the subsidiary findings. *Peters* v. *Wallach*, 366 Mass. at 626; *Vincent* v. *Torrey*, 11 Mass. App. Ct. 463, 466 (1981). We conclude that the ultimate findings by the master that the transfers of assets by the plaintiff to the defendant were not rational acts, but rather the product of the plaintiff's weakened and confused mental state in combination with the fraud and undue influence exercised by the defendant, are wholly consistent with and justified by the subsidiary findings (and the reasonable inferences to be drawn therefrom) concerning the parties' conduct and the attendant circumstances. The master made subsidiary findings that throughout the plaintiff's convalescence, she was generally confused and probably unable to make any rational decisions concerning her personal affairs; that the defendant was aware the plaintiff had been diagnosed as

being in a confused state, yet prepared documents by which the plaintiff transferred to him joint title to virtually all of her personal assets (in the form of savings bank accounts, government bonds and real estate); and that the defendant withdrew all the money from the plaintiff's bank accounts (amounting to over $39,000.00), redeemed the bonds (worth over $22,000.00) and deposited all the proceeds in his own separate bank account. The master further found that the plaintiff presently has no recollection of any of the transactions noted above. These findings amply supported the ultimate determination of fraud and undue influence. See *Neill* v. *Brackett*, 234 Mass. 367, 369-370 (1920); *Miles* v. *Caples*, 362 Mass. 107, 112 (1972).

3. The defendant contends that the subsidiary findings in the master's amended report are not supported by the evidence. However, to the extent that the defendant challenges the factual findings of the master, he was required as an initial step to "request the master to summarize the pertinent evidence on which the master relied." *Miller* v. *Winshall*, 9 Mass. App. Ct. at 315. Having failed to make the necessary requests for summaries of evidence, the defendant is foreclosed from challenging the master's findings of fact on appeal. See *Covich* v. *Chambers*, 8 Mass. App. Ct. at 742. Contrast *Glynn* v. *Gloucester*, 9 Mass. App. Ct. 454, 456 (1980).

4. The judgment was insufficient in that it merely "confirmed and adopted" the master's report. See *Vincent* v. *Torrey*, 11 Mass. App. Ct. at 467-468. It should have set forth the terms of relief to be granted, those being that, because the transfers of personal assets and real property by the plaintiff to the defendant were the result of fraud and undue influence, the defendant is ordered to (1) return $61,550.14 to the plaintiff, and (2) reconvey to the plaintiff full title to the property at 15 Hudson Street in Quincy, Massachusetts. On remand, the judgment shall be modified in accordance with this opinion. As so modified, the judgment is affirmed. The plaintiff is to have the costs of the appeal.

*So ordered.*

*Alexander E. Finger* for the defendant.
*Willis A. Downs* for the plaintiff.