ARTHUR J. ROBERTS & CO., INC. *vs.* DELFOUR, INC. & another. July 7, 1982. The plaintiff (Roberts) a painting subcontractor, brought this action pursuant to G. L. c. 149, § 29, against the general contractor (Delfour) and its surety, for contract balances on a public construction project awarded pursuant to G. L. c. 149, §§ 44A-44L. Delfour counterclaimed alleging that there was a breach of contract in that the plaintiff failed to perform timely its contract in accordance with the plans and specifications. Delfour also sought the rental costs due for scaffolding it leased to Roberts. Delfour was allowed to join the plaintiff's surety (American) under the provisions of the bond required by G. L. c. 149, § 44H. The case was referred to a master, whose findings of fact were to be final, but no stenographer was present or requested. A judge of the Superior Court adopted the master's report. The plaintiff and its surety have appealed from the ensuing judgment that was entered in accordance with the report. We treat the questions presented seriatim.

1. A violation of Rule 49, § 9, of the Superior Court (1974), does not oust the Superior Court of jurisdiction to handle a matter, and it certainly would not (and did not) preclude that court from proceeding as it did here. The judge had the power (see *DeMatteo Constr. Co. v. Board of Appeals of Hingham,* 3 Mass. App. Ct. 446, 457 [1975]) to revive or revise the order of reference. The judgment is not defective, and collateral attack in this regard is not availing.

2. The plaintiff questions the adequacy of several of the master's subsidiary findings, as well as the omission of certain findings favorable to it. The plaintiff, however, did not follow the procedure set forth in *Miller* v. *Winshall,* 9 Mass. App. Ct. 312, 314-317 (1980), and authorities cited therein.

(a) On review of the record we conclude that the master was not required to find that the defendant (Delfour) was responsible for any significant delay. See *Bills* v. *Nunno,* 4 Mass. App. Ct. 279, 282-283 (1976). Nor can we conclude such was the case as matter of law.

(b) It has not been proved nor is it evident that the master failed to consider the effect of change order no. 7 in his calculations of damages, as the amount of the damages awarded on account of heat and light was reduced significantly from the amount claimed.

3. Apart from Roberts' failure to demonstrate an error on the face of the record, see Rule 49, § 7, of the Superior Court (1974), and *Bills* v. *Nunno,* 4 Mass. App. Ct. at 283, nothing on the record compels the con-

clusion that Delfour had not complied with G. L. c. 149, § 44I(3) 4, as in effect prior to St. 1980, c. 579, § 55. In any event, Delfour's claim does not appear to be for "services rendered" but rather is for consequential damages for Roberts' breach of the subcontract; hence, G. L. c. 149, § 44I(3) 4, is not applicable.

4. As the purpose of the bond provided for in G. L. c. 149, § 44H, as amended through St. 1965, c. 836, §§ 4-6, is to help "secure the performance of . . . the subcontractor," see *Continental Bronze Co.* v. *Salvo & Armstrong Steel Co.*, 8 Mass. App. Ct. 799, 801, 803 (1979), we think that in these circumstances a reasonable way of securing the subcontractor's performance was to have Roberts reimburse the general contractor for damages caused in the event of a default. Roberts' failure to complete its work on time constituted a failure of "performance of said subcontract" within the purview of the bond, and damages arising therefrom properly may be assessed against Roberts' surety. See *Robertson* v. *New Amsterdam Cas. Co.*, 207 F.Supp. 60 (D.Ky. 1962), aff'd. 324 F.2d 345 (6th Cir. 1963).

5. So far as it appears from the master's report, the leasing agreement was completely separate from the subcontract, and thus, Delfour, in its capacity as a supplier of labor and materials to Roberts, may not recover against Roberts' surety under a § 44H bond. See *Continental Bronze Co.* v. *Salvo & Armstrong Steel Co.*, *supra* at 799.

6. Delfour may not now seek attorney's fees from either Roberts or American, as it did not appeal from the judgment omitting such awards. See *Mahoney* v. *Mahoney*, 5 Mass. App. Ct. 720, 726 (1977).

Paragraph 2 of the judgment, which adjudges American jointly and severally liable to Delfour, is to be modified by reducing the amount of such liability by $360, representing rental costs for scaffolding leased to Roberts. The interest payable by American is to be recalculated accordingly. As so modified, the judgment is affirmed.

*So ordered.*

*Richard E. Duggan* for the plaintiff.
*Richard W. Schwartzman* for the defendants.