WHITE CONSTRUCTION COMPANY, INC. *vs.* CITY OF GLOUCESTER. November 4, 1982. The plaintiff (White) brought an action against the defendant (city), seeking damages for: (1) the city's alleged violation of the terms of a construction contract between the parties by allowing another contractor to remove surcharge material from the construction site without White's assent; and (2) the city's refusal to pay White for extra work done but not included in the contract price. The city appeals from the judgment in White's favor, and we affirm.

The action was referred to a master, who was not to report the evidence, for a final determination of the facts. Pursuant to its motion, the city was allowed "to raise all matters it could have raised in arbitra-

tion" proceedings authorized by the contract. The master's report in White's favor was confirmed by the trial judge. The city did not appeal from the judgment which ensued and instead brought a motion to amend the judgment under Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974). The grounds asserted in that motion are essentially objections to the master's report, requests for summaries of the evidence, and in the alternative, a request for a new trial. Mass.R.Civ.P. 59(a), 365 Mass. 827 (1974). In denying the motion, the trial judge labelled his order as an "Amended Judgment," even though no change in the judgment was made. The city filed a notice of appeal from the purported "Amended Judgment" within 30 days of the date of entry of the judgment.

1. White argues that we should dismiss the city's appeal because it has failed to argue that the trial judge abused his discretion in denying the motion under rule 59 and because the city failed to file a notice of appeal from the judgment itself. We conclude, however, that this is an appropriate case in which to treat the city's appeal from the denial of its motion as bringing the final judgment with it. Cf. *Carter* v. *Empire Mut. Ins. Co.*, 6 Mass. App. Ct. 114, 117 n.3 (1978); *O'Connor* v. *City Manager of Medford*, 7 Mass. App. Ct. 615, 618 (1979).

2. The city has failed to comply with the procedural steps necessary to secure judicial review of the evidentiary basis for the master's findings. See *Miller* v. *Winshall*, 9 Mass. App. Ct. 312, 315-317 (1980); *Glynn* v. *Gloucester*, 9 Mass. App. Ct. 454, 458 n.6 (1980). There is nothing in the cases cited by the city (*Minot* v. *Minot*, 319 Mass. 253, 257-259 [1946]; *Gil-Bern Constr. Corp.* v. *Medford*, 357 Mass. 620, 623 [1970]; *Glynn* v. *Gloucester*, 9 Mass. App. Ct. at 456-459) to support its contention that the trial judge should have acted sua sponte to assure the city a fair and adequate basis for appellate review of its claims notwithstanding its failure to adhere to the requirements of Mass.R.Civ.P. 53(e), as amended, 367 Mass. 917 (1975), and Rule 49(7) of the Superior Court, as amended (1976). Accordingly, we confine our review to matters apparent on the face of the report, that is, whether the master's findings are mutually inconsistent, plainly wrong, or vitiated in view of the controlling law. *Covich* v. *Chambers*, 8 Mass. App. Ct. 740, 743 (1979).

3. The master's findings to the effect that the city had prevented White from selling 17,500 cubic yards of surcharge material by allowing another contractor to remove it from the site are easily reconciled with his finding that White had intended to use that surcharge material to backfill trenches. By a fair reading of the master's report as a whole, *Michelson* v. *Aronson*, 4 Mass. App. Ct. 182, 194-195 (1976), it is apparent that in bidding upon the contract, White had determined that 40,000 cubic yards of surcharge material would have to be removed from the site. The fact that another contractor had removed the surcharge material that White intended to use as backfill does not detract from White's claim that it was

entitled to sell 40,000 cubic yards of excess surcharge material not needed for fill on the site.

4. For the reasons set out in par. 2 above, the city cannot contend that White's claims (for the value of the wrongfully removed surcharge material and the extra work performed by White) and the master's computation of damages are wrong, as matter of law, by reason of the specifications to and the general conditions of the contract. In considering White's claims and the city's defenses to them, the master set out various and pertinent provisions of the contract. His report suffers from none of the defects found in the report at issue in *Glynn* v. *Gloucester,* 9 Mass. App. Ct. at 457-458. Neither the master's report nor the city's objections to it (see *Covich* v. *Chambers,* 8 Mass. App. Ct. at 746) gave the trial judge reason to call for the documents which are now relied upon by the city but which are not before us. Compare *Glynn* v. *Gloucester,* 9 Mass. App. Ct. at 457-458.

5. White's claim for compensation for the extra work performed is not barred by its failure to show that the work was performed pursuant to a change order supported by a certificate of appropriation under G. L. c. 44, § 31C, where: (a) the city makes no claim that an appropriation had never been made for the contract or that the amount found by the master to be due White in fact results in an amount in excess of that appropriated by the city for the contract; (b) the contract, as recited by the master, provides that "the Contract Sum shall be equitably adjusted by Change Order" where, as the master here found, a contractor encounters "concealed conditions . . . below the surface of the ground . . . and generally recognized as inherent in work of the character provided for in this contract"; and (c) the master found that White had complied with all the applicable claims procedures of the contract necessary to preserve the contract price adjustment dispute for arbitration. See *Lawrence* v. *Falzarano,* 380 Mass. 18, 24-26 (1980); *Glynn* v. *Gloucester,* 9 Mass. App. Ct. at 459-462.

6. The city makes no argument that it was error to allow White to amend its complaint and assert an additional claim against the city. By reason of G. L. c. 231, § 6C, and Mass.R.Civ.P. 15(c), 365 Mass. 762 (1974), interest on that additional claim was properly computed as of the date the action was originally commenced.

*Judgment affirmed.*

*Bruce H. Tobey* for the defendant.
*Francis V. Matera* (*Newton H. Levee* with him) for the plaintiff.