NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-110

LANA ALVAREZ

vs.

STEVEN P. ALVAREZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a hearing, a judge of the Probate and Family Court issued a judgment adjudicating Steven P. Alvarez (husband), the former spouse of Lana Alvarez (wife), guilty of civil contempt for violating (1) the judgment of divorce by delaying the sale of the former marital home (home) and (2) an April 2024 temporary order requiring him to vacate the home and leave it "broom clean."  The husband appeals from the contempt judgment.  We affirm.

Background.  The parties divorced in June 2012, and their separation agreement (agreement) was incorporated into a judgment of divorce nisi.  The agreement required the husband to maintain the home and stay current on the mortgage.  It also

mandated that the home immediately be listed for sale if the husband violated certain provisions. In 2015, 2018, and 2023, the wife filed three separate complaints for contempt, each relating to the husband's failure to make up to date mortgage payments and pursue a sale of the home. The 2023 complaint is the subject of these proceedings.

The judge appointed a special master to assist with all matters raised in the 2023 complaint, including the sale of the home. In December 2023, the judge ordered the sale of the home and an evidentiary hearing to be held by the special master relating to division of the net proceeds from the sale. The special master engaged a broker to list the home for sale and, in March 2024, accepted the highest offer without financing contingencies after consulting with counsel for both parties. A closing was scheduled for May 14, 2024. The husband had submitted an offer that was $20,000 higher than the accepted offer, but the husband's offer had a financing contingency and was submitted without proof of preapproval.[1] On April 10, 2024, the judge issued a temporary order that authorized the special master to execute documents relating to the sale of the home and

---

[1] After the special master accepted the third-party offer, the husband made another offer with proof of preapproval that remained contingent on financing.

2

required the husband to vacate the property by April 30, 2024, leaving it "broom clean."

In June 2024, the special master held an evidentiary hearing, after which she filed a report.  Following a hearing in August 2024, the judge adopted the special master's report and found the husband guilty of contempt of the judgment of divorce and the order to vacate the home.

Discussion.  1.  Indemnity provision of agreement.  The husband argues that the indemnity language in the agreement prohibits the award of attorney's fees to the wife that was recommended by the special master and adopted by the judge.

The agreement reads, in relevant part,

> "The Parties each agree to fully indemnify and hold the other harmless from any liability resulting from their respective breach of an obligation contained in this Agreement, including reasonable attorneys' fees, costs, and expenses incurred as a result of such breach, or as a result of resisting or defending any claims or demands made by the breaching Party, or by anyone claiming by, through, or on their behalf."

A judge is permitted by statute to order attorney's fees to a party filing a contempt proceeding in relation to a divorce judgment.  See G. L. c. 208, § 38.  We review the award for an abuse of discretion.  See Freidus v. Hartwell, 80 Mass. App. Ct. 496, 504 (2011).  We agree with the special master's finding that the language in the agreement does not preclude the award.  Rather, it reaffirms that a breaching party is required to cover

3

the other party's costs in filing the contempt complaint.  See Northern Heel Corp. v. Compo Indus., 851 F.2d 456, 474-476 (1st Cir. 1988) (affirming award of attorney's fees to prevailing party under contract with nearly identical indemnity language).  By statute and under the terms of the agreement, the judge did not abuse his discretion in awarding fees to the wife.

2.  Lack of individual rulings on objections.  The husband argues that the judge erred in adopting the special master's report without ruling on each of the husband's objections to the report, in violation of Mass. R. Dom. Rel. P. 53 (h) (2).  We disagree.

Pursuant to Mass. R. Dom. Rel. P. 53 (h) (2), the husband filed a motion "for the court to act upon to the special master's report," detailing the husband's objections to the report.  The wife filed a competing motion, asking the judge to overrule the objections and adopt the special master's report.  In response to a rule 53 (h) (2) motion, a court is permitted to "adopt the report, strike it in whole or in part, modify it, recommit it to the master with instructions or take any other action that justice requires."  Mass. R. Dom. Rel. P. 53 (h) (4).  Here, the judge held a hearing with the husband, the wife, and the special master, to review the individual objections.  Contrary to the husband's contention that he was "deprived . . . of a fair opportunity to present his defenses,"

4

the husband had the opportunity in his written motion and at the hearing to elaborate on each of his objections. After the hearing, the judge denied the husband's motion, allowed the wife's motion to adopt the special master's report, and issued a written judgment. The judgment constitutes action on the husband's motion and fulfills the requirements of Mass. R. Dom. Rel. P. 53 (h) (3) and (4).

The husband contends that the judge failed to address the admissibility of his testimony that the wife told him to ignore the second mortgage on the home. The special master sustained the wife's objection to this testimony and excluded it as a spousal communication that took place prior to the finalization of the judgment of divorce nisi. Instead of preserving the excluded evidence for the record by making an offer of proof, as Mass. R. Dom. Rel. P. 53 (f) (2) permits, the husband agreed with the ruling. In his written motion and at the hearing on his objections to the special master's report, the husband conceded that he did not make an offer of proof at the hearing because he thought the ruling was correct. Because the husband failed to make an offer of proof, the judge was not required to rule specifically on this evidentiary issue. See Lewis v. Desrosiers, 13 Mass. App. Ct. 997, 999 (1982) (burden on party objecting to special master report to present adequate record for review). To the extent that the judge implicitly determined

5

that the special master did not abuse discretion by excluding the testimony, we discern no error.

3. _Approval of sale of home_. The husband next asserts that the judge erred by approving the third-party offer on the home in spite of the husband's higher offer. Because the husband raises this issue for the first time on appeal, it is waived. See _Libman_ v. _Zuckerman_, 33 Mass. App. Ct. 341, 345 (1992) (issues not raised in objections to special master's report are waived). Even were we to consider this argument, it is unavailing. The special master informed the judge that she delayed putting the home on the market to give the husband time to negotiate a buyout and would have been receptive to an offer by the husband in the months leading up to the deadline for offers. However, the husband made the final offer late and it came with a contingency. The husband had not worked for a long time and had delayed refinancing the home, in violation of the agreement, for over ten years. The special master did not abuse discretion by accepting a lower, all-cash offer. Thus, the judge did not err in approving the sale.

4. _Equitable division of proceeds_. The husband argues further that the judge erred by failing to consider equitable principles in the division of the proceeds of the house. To begin, the husband had ample opportunity to introduce evidence on the equitable division of proceeds during the special

6

master's evidentiary hearing, which was transcribed by a certified court reporter. However, the husband did not produce the full transcript of the hearing to the judge. Absent a complete record of the evidentiary hearing, the judge did not err in adopting the special master's findings and incorporating them into the judgment of contempt. See Mass. R. Dom. Rel. P. 53 (h) (1). See also Libman, 33 Mass. App. Ct. at 343.[2]

Judgment dated August 12, 2024, affirmed.

By the Court (Rubin, Brennan & Wood, JJ.[3]),

Clerk

Entered: May 1, 2026.

---

[2] The wife's request for attorney's fees under the agreement due to the contempt finding is allowed. Consistent with the requirements of Fabre v. Walton, 441 Mass. 9, 10 (2004), the wife may file a request for appellate attorney's fees, along with supporting documentation, within fourteen days of the issuance of the decision in this case. The husband shall have fourteen days thereafter within which to respond.

[3] The panelists are listed in order of seniority.